NEVIN *vs.* LADUE and another, overseers of the poor, &c.

Ale and strong beer are included in the terms *strong or spirituous liquors*, as used in the statute, (1 *R. S.* 680, § 15,) making it penal to sell such liquors in a small quantity without license.

ERROR to the Putnam common pleas. Ladue and Nelson, as overseers of the poor of Phillipstown, sued Nevin before a justice of the peace in debt, to recover a penalty of $25 for selling strong or spirituous liquors in a less quantity than five gallons at a time without having a license therefor, contrary to 1 *R. S.* 680, § 15. The declaration was in the form allowed in declaring upon penal statutes. The defendant pleaded the general issue. On the trial the defendant, as the return states, "being charged by the plaintiffs with the sale of ale, strong beer or fermented beer, without a license therefor, confesses the charge in person, and claims it is not prohibited by statute." The cause was ar-

gued by counsel, and the justice rendered judgment for the plaintiffs for the penalty, with costs, whereupon the defendant brought a *certiorari* to the common pleas, where the judgment was affirmed, and he then brought error to this court.

*Fullerton & Fowler*, for the plaintiff in error, maintained that ale, beer and other fermented liquors were not included within the terms " strong or spirituous liquors," as used in the statute.

*E. Yerks*, for the defendants in error.

*By the Court*, JEWETT, J. This case involves a question upon the true construction of the statute. (1 *R. S.* 680, § 15.) It is in these words, " Whoever shall sell any strong or spirituous liquors, or any wines, in any quantity less than five gallons at a time, without having a license therefor, granted as herein directed, shall forfeit twenty-five dollars." If ale or strong beer answers the description of strong or spirituous liquors, the action was well sustained. I am unable to entertain a doubt but that both come within the definition of *strong* or *spirituous* liquors. *Beer* is defined by Webster to be " a spirituous liquor made from any farinaceous grain, but generally from barley, which is first malted and ground, and its fermentable substance extracted by hot water. This extract or infusion is evaporated by boiling in caldrons, and hops or some other plant of an agreeable bitterness added. The liquor is then suffered to ferment in vats." *Ale* is a liquor made from an infusion of malt by fermentation ; it chiefly differs from beer, in having a smaller proportion of hops—and both are intoxicating liquors. The manufacture of beer and its use as an intoxicating drink, are of very high antiquity. *Herodotus* tells us, that owing to the want of wine, the Egyptians drank a liquor fermented from barley. (*Lib.* 2, *chap.* 77.) Ale or beer was in common use, in Germany, in the time of Tacitus. " All the nations," says Pliny, " who inhabit the west of Europe, have a liquor with which they intoxicate themselves, made of corn and water. The manufacture of ale was early introduced into England. It is mentioned in the laws of Ina, king of Wes-

sex; and is particularly specified among the liquors provided for a royal banquet in the reign of Edward the Confessor. (*Mc-Culloch's Com. Dic., vol.* 1, *p.* 9.) That the legislature intended to prohibit the sale, under the regulations mentioned in the 15th section, of all intoxicating liquors, I think is strongly indicated by the provision of the 29th section of the same statute. It enacts that "No person shall be subject to be prosecuted by virtue of the provisions of this title, for selling metheglin, currant wine, cherry wine, or cider." This operates as an exception to the prohibition which I think is manifestly contained in the former section. Each is strong liquor, intoxicating in its nature. It is urged by the counsel for the defendant that the legislature, by the use of the words "strong or spirituous," meant to include only such liquors as are produced by distillation. It is quite pertinent to ask why, if this were so, it was necessary to insert the 29th section, as neither of the kinds of liquor there specified are thus produced. I think this a plain case, and that the judgment should be affirmed.

Judgment affirmed.