SUPREME COURT. Monroe General Term, March, 1855. *Johnson, Welles* and *T. R. Strong*, Justices.

## THE PEOPLE *v.* JOSEPH WHEELOCK.

The word "beer," in its ordinary sense, denotes a beverage which is intoxicating, and is within the meaning of the words "strong and spiritous liquors," as used in the Revised Statutes.

Where the indictment charged the sale of "strong and spiritous liquors" without license, and, among other liquors, "one pint of strong beer," and the proof, without further explanation, was, that the defendant sold "Dutch beer," it was held that the variance was immaterial.

THIS case came before the court on return to a writ of *certiorari* to the Court of Sessions of Livingston county.

The indictment was as follows:

*State of New-York, Livingston County, ss:*

The jurors of the people of the State of New-York, and for the body of the county of Livingston, then and there being sworn and charged to inquire for the people of the said state and for the body of the said county of Livingston, on their oath present: That Joseph Wheelock, of the town of Leicester, in the county of Livingston, on the sixteenth day of January, in the year of our Lord one thousand eight

PAR. — VOL. III.          2

hundred and fifty-four, and at divers other times between that day and the day of the finding of this inquisition, at the town of Leicester, in the said county of Livingston, did sell to divers individuals, to wit, Harmon Parish, Hiram Willis, Norman Green, Nelson Willis, and to divers other persons, strong and spiritous liquors in quantities less than five gallons, to wit, one pint of whiskey, one pint of rum, one pint of gin, one pint of brandy, one pint of wine and one pint of strong beer, to each of the above named individuals, without license therefor, contrary to the provisions of the ninth title of the twentieth chapter of the first part of the Revised Statutes of the State of New-York, and against the peace of the people of the State of New-York and their dignity. And the jurors aforesaid, on their oath aforesaid, do further present: That the said Joseph Wheelock, on the sixteenth day of January, in the year of our Lord one thousand eight hundred and fifty-four, and at divers other times between that day and the finding of this inquisition, at the town of Leicester, in the said county of Livingston, did sell to certain individuals, to wit, to Harmon Parish, Hiram Willis, Norman Green, Nelson Willis, and to divers other persons, strong and spiritous liquors and wines, to wit, one pint of whiskey, one pint of rum, one pint of gin, one pint of brandy, one pint of wine and one pint of strong beer, to each of the above mentioned persons, to be drank in the house, and in the shop, and in a certain out-house, and in a certain yard, and in a certain garden appertaining thereto, without having obtained a license therefor as a tavern keeper, contrary to the provisions of the ninth title of the twentieth chapter of the first part of the Revised Statutes of the State of New-York, and against the peace of the people of the said state and their dignity. And the jurors aforesaid, on their oath aforesaid, do further present: That the said Joseph Wheelock, on the sixteenth day of January in the year last aforesaid, and at divers other times between that day and the day of the finding of this inquisition, at the town and in the county

The People *v.* Wheelock.

last aforesaid, did sell and cause to be sold to divers individuals, to wit, to Harmon Parish, Hiram Willis, Norman Green, Nelson Willis, and to divers other persons, strong and spiritous liquors and wines, to wit, one pint of whiskey, one pint of rum, one pint of gin, one pint of brandy, one pint of wine and one pint of strong beer, to each of the said persons, and did then and there suffer the said liquors and wines so sold and caused to be sold by him as aforesaid to be drank in his house, and in his shop, and in a certain out-house, and in a certain yard, and in a certain garden appertaining thereto, without having obtained any license therefor as a tavern keeper, contrary to the provisions of the ninth title of the twentieth chapter of the first part of the Revised Statutes of the State of New-York, and against the peace of the people of the said state and their dignity.

JAMES WOOD, Jr.,
*District Attorney.*

The defendant having plead not guilty, the issue came on to trial in the county sessions of Livingston county, before Scott Lord, county judge, and the justices of the sessions, with a jury, and it was proved, on behalf of the people :

That on the 16th day of January, 1854, the defendant sold one glass of beer called Dutch beer, and received pay therefor from one Henry Parish. The witness stated that he did not know what kind of beer it was; there was a difference in beer.

The district attorney asked the witness if it was intoxicating liquor. The defendant's counsel objected to the question on the ground that it called for the opinion of the witness. The court overruled the objection, and the counsel for defendant excepted. The witness answered that it was, if one drank enough of it. The witness further stated that he bought one glass of Dutch beer of defendant on the 16th day of January, 1854, and paid him for it. The district attorney offered to prove by the witness that defendant sold

intoxicating liquors on other days and at other times than 16th day of January, 1854. Defendant's counsel objected. The court overruled the objection, and the defendant's counsel excepted. The witness also stated that he knew of defendant's selling a glass of the same kind of beer to one Chapman, in March, 1854. Witness also stated on his cross-examination that he had seen and drank strong beer; never knew of any one getting intoxicated on Dutch beer; that it had not the same taste as strong beer; was not as strong as strong beer, though stronger than small beer. The district attorney then called a witness and proved that he bought beer of defendant in winter of 1854, and paid for it; it was Dutch ale; does not think it is intoxicating. Witness had drank it with other liquors, then it would intoxicate; small beer taken after whiskey would have the like effect, but not so great effect; think it stronger a good deal than small beer, and not as strong as strong beer. Whereupon the said defendant's counsel insisted that the several matters given in evidence on the part of the people were not sufficient to authorize the jury to convict the defendant of violating the statute in relation to the sale of spiritous liquors, and that there was no evidence before the jury of the defendant's having sold any spiritous liquors or strong beer, as charged in the indictment, and asked the court so to instruct the jury; but the court refused, and the defendant excepted. The defendant, by his counsel, then asked the court to charge the jury that there was a material variance between the proof as given by the people and the charge in the indictment, and that the proof did not sustain the allegations in the indictment. The court refused so to instruct the jury, and the defendant, by his counsel, excepted. The defendant's counsel asked the court to quash the indictment on the ground that the proof did not sustain the averments in the indictment. The court refused the motion, and the defendant, by his counsel, excepted.

The People *v.* Wheelock.

The court then charged the jury that the question for them to pass upon was whether or not the beer as described by witness had been sold by defendant, and if they believed the witness they were authorized to convict the defendant; that as a question of law the beer described by the witness was strong or spiritous liquor within the meaning of the statute; the defendant excepted, and the jury found the defendant guilty.

A bill of exceptions having been made and settled, a *certiorari* was sued out and the proceedings brought up for review.

*R. P. Wisner*, for defendant.

I. The court erred in permitting the witness to give his opinion in regard to the effect produced by the article when drank. The indictment specifies the kind of liquor sold by defendant, and it cannot be aided by the opinion of the witness, that the beer sold would intoxicate. The proof received was immaterial under the ruling of the judge.

II. The court should have instructed the jury that there was no evidence before them that defendant had sold any such liquor as charged in the indictment. The term strong beer, as used in the indictment, has a specific meaning, and must be understood to include only that liquor known and recognized as strong beer. It is not a generic term, and cannot include the different kinds of beer used at the present day. The people having made a specific charge against the defendant, they were bound to prove it as laid.

III. The charge of the court as given, and the refusal of the court to charge as requested, were equally erroneous. If the court was right in receiving the evidence of the effect of the beer when drank, then there was a question of fact for the jury to pass upon. If the crime charged in the indictment consisted in the sale of beer that would produce intoxication when drank, then clearly a question of fact was

presented for the consideration of the jury. The court having decided that "Dutch beer" came within the terms of the indictment, without reference to its effect upon those who drank it, took away from the defendant the right to prove its composition, or to give any evidence to show that it was not "strong and spiritous liquors and wines."

*James Woods, Jr.* (District Attorney), for the people, cited *Nevin* v. *Ladue* (3 *Denio*, 43, 437).

*By the Court,* T. R. STRONG, J.—The word "beer," in its ordinary sense, denotes a beverage which is intoxicating, and is within the fair meaning of the words "strong or spiritous liquors," used in the statutes applicable to this case. (*Webs. Dict.*, "*Beer;*" *Nevin* v. *Ladue*, 3 *Denio*, 43; *same case in error, id.*, 437.) Some qualifying word may be used in connection with the word "beer," as "root beer," "molasses beer," &c., and the two together signify a drink which is not intoxicating, and it may also be shown, by proving the materials and the mode of production of what is called "beer," that it is not an intoxicating drink; but when the sense is not thus restricted, the word must be understood to mean one kind of the "strong and spiritous liquors referred to in those statutes. The "beer" in the present case was "Dutch beer;" but there is nothing in the ordinary sense of the word "Dutch" to qualify the meaning of the word "beer," when used alone, in respect to intoxicating qualities. No evidence was given of the mode employed or materials used in making it. I think, therefore, in the absence of such evidence, the judge was right in advising the jury that "the beer described by the witnesses was 'strong and spiritous liquors' within the meaning of the statute."

The indictment charges the sale of "strong and spiritous liquors," to wit, among other liquors, "one pint of strong beer." The evidence is that the defendant sold "Dutch

beer," and, as I understand the bill of exceptions, the counsel for the defendant objected that this proof varied from and did not support the indictment, as "Dutch beer" is not "strong beer." I do not think there is a material variance. The terms "strong beer" and "Dutch beer," without explanation, must both be understood to mean intoxicating liquors of a similar character, produced from similar materials, and in a like way, to express which the former term is appropriate. By "strong beer" is understood, I suppose, a malt inebriating liquor, and I understand that "Dutch beer" is a malt inebriating liquor, not differing substantially from "strong beer," thus understood, in the kind of materials used or the mode of its manufacture, but only in its strength, being less intoxicating. As well might it be urged, if the sale of "ale" was proved, that the charge of selling "strong beer" was not sustained, as to object that the proof of the sale of "Dutch beer" does not support the indictment.

New trial denied and proceedings remitted to the sessions.

---

SUPREME COURT. New-York General Term, May, 1855. *Mitchell, Roosevelt* and *Clerke,* Justices.