# SUPREME COURT.

## THE BOARD OF COMMISSIONERS OF EXCISE OF THE COUNTY OF CAYUGA agt. PHILIP R. FREEOFF.

The term "strong or spirituous liquors," expressed in the 13th section of the act of 1857 (to suppress intemperance, &c.), includes *ale and strong beer ;* and a sale thereof under five gallons, without a license, forfeits the penalty of $50, mentioned in that section, for each offence.

*Cayuga Circuit and Special Term, January,* 1858.

MOTION by the plaintiffs for judgment upon the ninth and tenth counts of the complaint.

The complaint contained ten counts. The ninth count alleged that the defendant, on the 25th day of December, 1857, at the city of Auburn, in the county of Cayuga, sold strong and spirituous liquors and wines, to wit: rum, gin, brandy, whisky, port wine, ginger wine, ale and strong beer, in quantities less than five gallons at a time, without having a license therefor granted according to law, contrary to the provisions of section 13, chapter 628, of the laws of 1857, entitled "An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16th, 1857, and claiming that the defendant was liable therefor to pay the plaintiffs the sum of $50.

The tenth count was like the ninth, excepting that the sale was stated to have taken place on the 1st day of January, 1858.

The defendant's answer denied the allegations of the complaint, " so far as they charge this defendant with selling distilled liquors and wines and ale and strong beer more than twice, and he admits the selling of ale and strong beer as alleged in the ninth and tenth counts in the plaintiffs' complaint:"

The parties, by their attorneys, entered into a stipulation by which the truth of the defendant's answer was admitted,

and by which the charges in the complaint against the defendant, except as thus admitted, were waived.

B. F. HALL, *for complainants.*
H. T. COOK, *for defendant.*

WELLES, Justice. The only question presented for the consideration of the court arises upon the admission, in the answer, of the sales by the defendant, on the 25th of December, 1857, and on the 1st of January, 1858, of *ale and strong beer,* without having a license therefor granted according to law.

The 13th section of the act of 1857, which the plaintiffs claim has been violated, is in the following words: "Whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time, without having a license therefor, granted as herein provided, shall forfeit fifty dollars for each offence."

The question, then, is simply, whether *ale and strong beer* are *strong and spirituous liquors* within the sense of the section cited. Upon this question, there is, in my opinion, no ground for entertaining a doubt.

In the case of *Nevin* agt. *Ladue* (3 *Denio,* 43), this precise question was considered and decided. It was there held that *ale and strong beer* were included in the terms "*strong or spirituous liquors,*" as used in the excise law of the Revised Statutes (1 *R. S.* 680, § 15), making it penal to sell such liquors in quantities under five gallons at a time, without a license.

The description of the liquors, the sale of which, without license, is prohibited, is identical in the Revised Statutes and the act of 1857. By the 26th section of the former act it is provided, that no person should be subject to be prosecuted, by virtue of the provisions of that title, for selling metheglin, currant wine, cherry wine or cider. The omission of this exception in the present law does not affect the construction of the words *ale and strong beer,* as given by the court in the case referred to.

The case of *Nevin* agt. *Ladue* was reviewed in the court of errors (3 *Denio*, 437), and, although the judgment of the supreme court was reversed · on another ground, the decision of the supreme court on the point in question was left not only undisturbed, but was fully sustained by the chancellor in an elaborate opinion delivered by him. In the views expressed by Judge JEWETT in the supreme court, and by Chancellor WALWORTH in the same case in the court of errors, on the question now under consideration, I entirely concur. Those eminent jurists have exhausted the argument upon the question; and it would be supererogation, not to say temerity and·presumption in me to attempt to add to the force of their reasoning.

I am admonished, therefore, to omit any further discussion of the question in this place. Since the decision of the case referred to, the question has been regarded as settled, and should not now be disturbed.

The plaintiffs are therefore entitled to judgment for one hundred dollars, being two penalties of fifty dollars each.

Ordered accordingly.