Barker, J.
It appeared by the undisputed evidence that the defendant, at his hotel in Greneseo, sold one glass of beer, which was drank on the premises. If this beer answers the description of strong and spiritous liquors in the sense and meaning of those words as used in section 13 of chapter 628 of the Laws of 1857’ a case was made sustaining the verdict. This question involves a construction of the statute. These very words were used in the prior laws of this state regulating the sale of intoxicatng liquors. 1 R. S., 680, § 15. The meaning of those words and the kinds of liquor which are embraced within the prohibition of the statute, received an interpretation in Nevin v. Ladue (3 Denio, 43), which has been received as correct in all subsequent cases. See also, Nevin v. Ladue, 3 id., 437; The Board, etc., v. Taylor, 21 N. Y., 173; The People v. Wheelock, 3 Parker’s Crim. R., 9; Rau v. The People, 63 N.Y., 277.
In the first of the cases cited, it was.held that ale and beer were strong and spirituous liquors, and their sale was prohibited unless the seller had procured a license.
The process of making ale and beer, by ancient as well as modern people, was so well known, and the intoxicating *6 properties of the same were so generally understood, that the court acted upon such knowledge without requiring proof, that ale and beer made from grain were in fact intoxicating. Beer is defined to be fermented liquor made from grain, and in this country mostly from barley. Webster’s Diet.; Am. Ency., title, beer.
The process of malting, grinding and fermentation is generally and as well known as the process of distilling alcohol from corn. - That ale and beer .contain a less percentage of intoxicating properties than some of the stronger beverages, such as brandy and whiskey, is well understood by everybody.
The evidence left the case in doubt, whether the sale was ale or beer, or that kind of drink now manufactured and • sold under the name of lager beer, but it was one or the ■other of those kinds of drinks; One of the questions presented, and the most discussed on the argument, is, whether the court will take judicial notice that lager beer, so called is intoxicating and is described by the words “strong and spirituous liquors,” as they are used in the present statute. I have not been able to find any case where it has been so held.
In Rau v. The People (supra), the plaintiff in error was indicted and convicted for selling lager beer on Sunday, contrary to the provisions of the twenty-first section of the act, which prohibits the sale or giving away “intoxicating liquors ” on Sunday, but in that case the people gave evidence tending to prove that lager beer was intoxicating. The count there remarked: “Hitherto the courts have not been willing to take notice that lager beer is intoxicating, but have submitted the question, when controverted, to the jury, to be determined upon the evidence. The plain and obvious intention of the section, is to prohibit the sale of all intoxicating liquors, and when the liquors are not such as are known to the court to be intoxicating, their character as intoxicating or not must be determined, as it was in this case, upon competent evidence “as a question of fact.”
Every intelligent person knows that the process of manufacturing lager beer is the same in all essential particulars, to that of making other kinds of ale and beer from grain, and that the only real difference, so far as intoxicating properties are concerned, is the lesser per cent of alcohol in it.
It was submitted to the jury for them to say, whether the beer sold was ‘lager beer or not, and if they found it was, and that it was not intoxicating, then their verdict should be for the defendant; but if it was intoxicating, then their verdict should be for the plaintiff. On this ques *7 tian, as submitted, there is only a single inquiry to be made, and that is, was there any evidence fairly tending to show that the drink was intoxicating, if the jury found that it was °sold as lager beer ? The person who bought and drank the beer at the defendant’s bar, was asked this question by the plaintiff: “Did you purchase any strong and spirituous liquors or wines at the hotel that week? And he answered as follows: “ I did; not strong and spirituous^ liquors; I purchased malt liquors, ale or beer; some malt liquors, I don’t know which, on the sixth day of May; I won’t testify positively that I purchased it; I drank there at the bar on the sixth day of May; it was some kind of malt liquor, ale or beer; there were two men with me, who drank at the same time.”
On his cross-examination he testified: “I don’t think that I purchased the ale or beer on the sixth day of May; I don’t know that I paid for it; I know I drank it and that it was paid for; I don’t know that I purchased it myself; the only other occasion on which I drank there the landlord called me and gave me a glass of beer with a companion; I didn’t see any one pay for it; I didn’t become anyways intoxicated from what I drank there.”
Ke-direct examination: This was lager beer that you ■drank, was it ?
A. Couldn’t testify positively whether it was lager beer or ale.
Q. What did you call for ?
A. I can’t tell you; I called for my own glass, I suppose, but I can’t tell you whether lager beer or ale; for I was in the habit and am when I do drink, to drink either one.”
The witness was in the habit of drinking ale, beer and lager beer. He is positive that the liquor which he drank was one or the other of these kinds of beer, but which he could not say, and the evidence is susceptible of the construction that the beer that he did drink, had the taste and had the quality of ale or strong beer, and could not be readily distinguished from either. This tends to prove that the beer which he did drink, although the same have been sold under the name of lager beer, possessed the properties of strong beer, which is intoxicating. As already stated, the courts take judicial notice that the common beverages sold under the name of ale and beer are intoxicating; and when drink is sold under the name of lager beer, and is so near in taste and appearance that the same cannot be readily distinguished from ale or beer, it is some evidence on the question whether it is intoxicating or not. We think, upon the whole evidence, a case was made out ■for the consideration of the jury, and fairly sustained that *8 portion of the charge in which the court said to the jury: “That' the law recognizes ale and beer as intoxicating liquors. If this was not lager beer, it was something that so closely resembled ale or beer that this man could not tell the difference, and you have the right to find from that fact, standing by itself, that it was intoxicating; that it was the same thing.”
The defendant’s counsel took exception to other parts of the charge. The court said: “ There is no dispute that on the 6th day of May the bartender, or some one behind the bar, which was open to the admission of anybody who wanted to go in and drink, sold a glass of beer, which was paid f.or at the time and drank by Mr. Heath. So far as that is concerned, the plaintiffs have made out their case for one penalty, so far as the sale of beer is concerned.”' To the last sentence the defendant excepted, and now contends that that was in effect a direction to the jury to find a verdict in the plaintiff’s favor for one penalty. This is not a fair construction to place upon the instructions when read in connection with the other propositions submitted to-the jury. It is not claimed by the plaintiff that there had been proof of more than one sale, and immediately following the paragraph of the charge excepted to,, the court referred to the evidence, and submitted it to the jury for them to determine whether the one drink which was sold was ale or beer or lager beer. By the remark exr cepted to, it is, plain that the court simply intended to affirm the undisputed fact that there had been a sale of one glass of beer, which entitled the plaintiff to a verdict for one penalty, if the evidence showed that it was intoxicating liquor.
An exception was taken to some remarks of the learned judge in commenting upon the question whether lager beer was intoxicating or not. But on inspecting the entire charge, it will be seen that the judge did not withdraw that, question from the consideration of the jury, but left it for them to determine from the evidence in the case and the common observation of men on that question, whether the beer sold and drank was intoxicating or not.
As we find that none of the exceptions were well taken, the judgment should be affirmed.
Smith, P. J., Haight and Bradley, JJ., concur.