*In re* McDonough.

(*District Court, D. Montana.*    February 5, 1892.)

1. INDIANS—"SPIRITUOUS LIQUORS"—BEER.
     Beer is not a "spirituous liquor," within the meaning of Rev. St. U. S. § 2139, denouncing the offense of selling spirituous liquors and wine to Indians.

2. SAME—STATUTES—LEGISLATIVE CONSTRUCTION.
     Act Cong. July 4, 1884, declaring (p. 94) that section 2139 shall not be a bar to the prosecution of any officer, soldier, or employe of the United States who shall furnish "liquors, wines, beer, or any intoxicating beverage whatever" to any Indian, is not a legislative construction of such section.

3. SAME—PENAL STATUTES—CONSTRUCTION.
     A penal statute must be strictly construed, and cannot be enlarged beyond the ordinary meaning of its terms, in order to carry into effect the general purpose for which it was enacted.

Petition by W. J. McDonough for a writ of *habeas corpus* to release him from imprisonment on a complaint before a United States commissioner for selling beer to an Indian.    Prisoner discharged.

*Rufus C. Garland,* for petitioner.

*J. M. McDonald,* Asst. U. S. Atty.

KNOWLES, District Judge.    The petitioner was arrested on complaint made before a United States circuit court commissioner for selling to an Indian in charge of an Indian agent spirituous liquor, to-wit, one bottle of beer.    Section 2139 of the Revised Statutes of the United States provides:

"Every person (except an Indian in the Indian country) who sells, exchanges, gives, barters, or disposes of any spirituous liquors or wine to an Indian under the charge of any Indian superintendent or agent   *   *   * shall be punished by imprisonment for not more than two years, and by a fine of not more than three hundred dollars."

It is claimed on the part of petitioner that the term "spirituous liquor," does not include beer.    "The popular or received import of words furnishes the general rule for the interpretation of public laws as well as private and social transactions."    *Maillard* v. *Lawrence,* 16 How. 261; *Arthur* v. *Morrison,* 96 U. S. 108; *Martin* v. *Hunter's Lessees,* 1 Wheat. 326; Sedg. St. & Const. Law, § 220.    What is the general definition of "spirituous liquors?"    The definition of the word "spirituous," as given by Webster's Dictionary, is: "Containing spirit; consisting of refined spirit; ardent; as, spirituous liquors."    If we turn to the word "spirit," we find this as a definition of that word: "Hence a liquid produced by distillation, especially alcohol; the spirits of wine from which it was first distilled.    Hence rum, whisky, brandy, and other distilled liquors having much alcohol, in distinction from wine and malt liquors."    Turning from the definition given in the dictionary to legal authors, we find: "Spirituous liquor is composed, wholly or in part, of alcohol extracted by distillation.    It need not be rectified,—that is, it is within the terms, though it has passed through the still once.    Fermented liquors are not included."    Bish. St. Crimes, § 1009.    "In common parlance, 'spiritu-

ous liquor' means 'distilled liquor.' * * * Fermented liquor, though intoxicating, is not spirituous." In *Com.* v. *Grey*, 2 Gray, 502 : "Wine is a fermented liquor; spirits are distilled liquors. We therefore think that the words 'spirituous liquors' embrace all those procured by distillation, but not those procured by fermentation." *Fritz* v. *State*, 1 Baxt. 17. In the case of *People* v. *Crilley*, 20 Barb. 246, STRONG, J., said in speaking of ale : "Neither is it a spirituous liquor, as spirits are manufactured by distillation; whereas, ale is produced by fermentation." "Fermented liquors are not, in common parlance, spirituous liquors. The latter term is properly used to designate distilled liquors, as distinguished from fermented liquors." *State* v. *Adams*, 51 N. H. 568. In this case it was held that ale, porter, and cider are not spirituous liquors. In the case of *State* v. *Oliver*, 26 W. Va. 422, the court said : "From these definitions it will be perceived that ale, porter, and beer are drinks of a like nature, differing from, but similar to, each other, but wholly differing from spirituous liquors or wine."

There are two cases which define "spirituous liquor" so as to include "beer." These are *Nevin* v. *Ladue*, 3 Denio, 43, and *State* v. *Giersch*, 98 N. C. 720.[1] In the first of these cases the court say: "'Beer' is defined by Webster to be a spirituous liquor made from any farinaceous grain, but generally from barley, which is first malted and ground, and its fermentable substance extracted by hot water. This extract or effusion is evaporated by boiling in caldrons, and hops or some other plant of an agreeable bitterness added. The liquor is then suffered to ferment in vats." I have been unable to find this definition in Webster's Dictionary. In the unabridged Webster's Dictionary of our time "beer" is defined to be "a fermented liquor, made from any malted grain, with hops and other bitter flavoring matter; a fermented extract from the roots and other parts of various plants,—as spruce, ginger, sassafras," etc. Undoubtedly this decision was based upon a different definition of beer from any we now have in common use. It was reviewed in the court of errors of the state of New York. (Reported in 3 Denio, 437.) Chancellor WALWORTH, in his opinion in the case, enters into an exhaustive and curious history of the manufacture and use of fermented liquors. I do not think any one can read the discussion of that distinguished chancellor in that case without coming to the conclusion that he thought there was a difference between spirituous liquors and fermented liquors. He holds that beer would come within the meaning of "strong liquors," as used under the statute in consideration. In the case of *People* v. *Crilley*, *supra*, the court did not think these cases determined the question at issue, and felt justified in giving a definition to spirituous liquor which did not include beer. In the case of *State* v. *Giersch*, *supra*, the court maintains that all liquors which have alcohol in them are spirituous liquors. It says: "Hence, also, distilled liquors, fermented liquors, and various liquors are all alike spirituous liquors." In the light of the definition which "spirituous liquors" have generally received, I do not think

this definition can be maintained.   To maintain it would be to say that the term "wine," as used in the very statute under consideration in this case, was a redundant and useless word.   Yet the general rule is that, if·possible, in the construction of a statute, every word should be considered of use, and given a proper meaning.   The same point is urged in this case as was urged in that of *State* v. *Giersch*, namely, that the object of the statute was to prevent intoxication.   In that, intoxication generally; in this, the evil is limited to intoxication among the Indians under the charge of the national government.   Undoubtedly this is true.   But this is denominated a "penal" statute, and should be strictly construed, and with a view of carrying out the object aimed at by such a statute, or on the grounds of public policy, a court has no right to interpolate words into it, or to give a different meaning to words used from what are their natural import as commonly used.   There is no better presentation of this point than that by Chief Justice MARSHALL, in *U. S.* v. *Wiltberger*, 5 Wheat. 76.   And I do not see that I can better present this question than by using his language.   He said:

"The rule that penal laws are to be construed strictly is perhaps not less old than construction itself.   It is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislative, not in the judicial, department.   It is the legislature, not the court, which is to define a crime, and ordain its punishment. It is said that, notwithstanding this rule, the intention of the law-maker must govern in the construction of penal as well as other statutes.   This is true, but this is not a new, independent rule which subverts the old.   It is a modification of the ancient maxim, and amounts to this: that, though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature.   The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which these words in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend.   The intention of the legislature is to be collected from the words they employ.   Where there is no ambiguity in the words, there is no room for construction.   The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest.   To determine that a case is within the intention of a statute its language must authorize us to say so.   It would be dangerous, indeed, to carry the principle that a case which is within the reason or mischief of a statute is within its provisions so far as to punish a crime not enumerated in the statute because it is of equal atrocity, or of a kindred character, with those which are enumerated."

·  These remarks of that distinguished jurist I quote as an answer to the remarks of the able counsel for the government, who are most energetic and persistent in looking after offenses against national law within this jurisdiction.   And I also would place them in contrast with some of the views of the learned court as expressed in the case of *State* v. *Giersch,* *supra.*

I do not think the provisions of the statute of July 4, 1884, (23 U. S. St. p. 94,) can be called a legislative construction of section 2139, under consideration.   It does not purport to be such a construction, and is in no true sense a construction of the same.   For the reasons assigned I

am satisfied beer is not within the meaning of spirituous liquors or wine; and it is hereby ordered that the defendant be discharged from further custody.