## FIELD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1905.)

No. 2,122.

1. BANKRUPTCY—CONSTRUCTION OF SECTION 29b.

The officer of a bankrupt corporation, who is not and has not been a bankrupt, is not liable to punishment under section 29b of the bankruptcy law of July 1, 1898, c. 541, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), for having fraudulently and knowingly concealed the property of the estate of the corporation in bankruptcy from its trustee.

The present or past bankruptcy of the person accused is an indispensable element of the offense denounced by the statute.

2. CONSTRUCTION OF PENAL STATUTES STRICT—MAY NOT EXTEND THEM TO CLASSES NOT INCLUDED.

A penal statute which creates and denounces a new offense must be strictly construed. Where it is plain and unambiguous, the courts may not lawfully extend it by interpretation to a class of persons who are excluded from its effect by its terms for the reason that their acts may be as mischievous as those of the class whose deeds it denounces.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, §§ 322, 323.]

(Syllabus by the Court.)

In Error to the District Court of the United States for the Western District of Arkansas.

James F. Read (James B. McDonough, on the brief), for plaintiff in error.

F. A. Youmans (James K. Barnes, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

SANBORN, Circuit Judge. The plaintiff in error, who was not a bankrupt but who was a vice president and one of the directors of the Brown-Rollosson Company, a corporation which was a bankrupt, was indicted, a demurrer to the indictment was overruled, and he was convicted under section 29b of the bankruptcy law of July 1, 1898, c. 541, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), of the offense of having knowingly and fraudulently concealed property which belonged to the estate of the corporation in bankruptcy from its trustee. Section 29b reads:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy."

Neither the offense nor the punishment here described exists under the common law. They are the creatures of the act of Congress. In the absence of that act, no one could be legally punished by imprisonment for having concealed property from his trustee in bankruptcy. In the presence of the act, therefore, no one can be lawfully punished by imprisonment for this concealment who is not by the terms of the statute subject to this pun-

ishment.  The act specifically designates the persons liable to the punishment which it prescribes.  They are those who commit the offense denounced while they are bankrupts or after they have received their discharges in bankruptcy.  Under a familiar rule, this specification by the statute of those who are bankrupts, and those who have been bankrupts, as the persons liable to the punishment, necessarily excludes all others from that liability, and no other person can be lawfully punished under this section for the offense it denounces.  As the plaintiff in error was not and never had been a bankrupt, it is difficult to perceive how he could have been guilty of the offense of having concealed while a bankrupt, or after his discharge, from his trustee, any of his estate in bankruptcy.

The argument by which counsel attempt to sustain the indictment and conviction is that clause 19 of section 1 of the bankruptcy law (30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]) broadens the meaning of section 29b so that it includes the officers of a bankrupt corporation, who conceal the property of its estate in bankruptcy from its trustee, in the class subject to the punishment it prescribes.  That clause reads in this way:

" 'Persons' shall include corporations, except where otherwise specified, and officers, partnerships, and women, and when used with reference to the commission of acts which are herein forbidden shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors or trustees, or other similar controlling bodies of corporations."

A careful reading of this clause, however, in connection with the terms of section 29b, convinces that it can have no effect to extend the terms or broaden the true interpretation of the latter subsection.  All who are punishable under this subsection 29b are persons who are or who have been bankrupts.  Hence none of those whom the word "persons" is made to include under section 1, cl. 19—no officers, partnerships, women, participants in forbidden acts, agents, officers, or members of any board of directors or trustees—can be guilty of the offense specified in this subsection, unless they are either bankrupts when they conceal the property, or have been such and have obtained their discharges before that time.  Present or past bankruptcy is an essential attribute of every person who may be an offender under this statute.  Since the plaintiff in error was not a bankrupt when he was charged with concealing the property of the corporation, since he had never been a bankrupt and had not been discharged in bankruptcy, and since he had neither estate in bankruptcy nor trustee therein, he could not have concealed while a bankrupt, or after discharge, any of the property belonging to his estate in bankruptcy, from his trustee, and he was not amenable to the punishment prescribed by subsection 29b.

The suggestion that concealment by an officer of a bankrupt corporation of the property of its estate in bankruptcy from its trustee is clearly within the mischief of this subsection, and therefore within its true interpretation, is unworthy of serious considera-

tion. A penal statute which creates and denounces a new offense must be strictly construed. A man ought not to be punished unless he falls plainly within the class of persons specified by such a statute. An act which is not clearly an offense by the express will of the legislative department of the government must not be made so after its commission by a broad construction adopted by the judiciary. The definition of the offense and the classification of the offenders are legislative and not judicial functions, and where, as in the case at bar, a penal statute is plain and unambiguous in its terms, the courts may not lawfully extend it, by construction, to a class of persons who are excluded from its effect by its terms, because, in their opinion, the acts of the latter are as mischievous as those of the class whose deeds the statute denounces. U. S. v. Wiltberger, 5 Wheat. 96, 5 L. Ed. 37; U. S. v. Clayton, Fed. Cas. No. 14,814; In re McDonough (D. C.) 49 Fed. 360; U. S. v. Lake (D. C.) 129 Fed. 499.

The judgment below must be reversed, and the case must be remanded to the District Court with instructions to sustain the demurrer to the indictment and to discharge the plaintiff in error, and it is so ordered.