## UNITED STATES v. YOUNG & HOLLAND CO. et al.

(Circuit Court, D. Rhode Island.   May 5, 1909.)

### No. 2,643.

1. CONSPIRACY (§ 28*)—CONCEALMENT OF BANKRUPT'S ASSETS.

   Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), provides that a person shall be punished by imprisonment on conviction of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy. *Held*, that an indictment for conspiracy to conceal assets of a corporation in contemplation of bankruptcy was not objectionable because there was no existing bankruptcy when the conspiracy was originated.

   [Ed. Note.—For other cases, see Conspiracy, Dec. Dig. § 28.*]

2. CONSPIRACY (§ 40*) — CONCEALMENT OF BANKRUPT'S ASSETS — INDIVIDUAL CONSPIRATORS.

   Individuals may be guilty of conspiracy which included in its purpose a fraudulent concealment of the assets of a bankrupt corporation, even if the corporation may not be charged as a conspirator.

   [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 75; Dec. Dig. § 40.*]

3. BANKRUPTCY (§ 492*)—CONCEALMENT OF ASSETS—OFFENSES—AIDERS AND ABETTORS.

   Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), provides that a person shall be punished by imprisonment on conviction of having knowingly and fraudulently concealed, while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy. *Held*, that though there can be no violation of such section unless the concealment is accomplished while there is a person in bankruptcy, or after his discharge, not only the bankrupt, but others aiding and abetting in the concealment, are punishable thereunder.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 492.*]

4. BANKRUPTCY (§ 492*)—"PARTICIPANTS IN FORBIDDEN ACTS"—"PERSONS."

   Bankr. Act July 1, 1898, c. 541, § 1, subd. 19, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3419), provides that "persons," when used with reference to the commission of acts which are forbidden, shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors, or trustees, or other similar controlling bodies of corporations, etc. *Held*, that the term "participants in the forbidden acts" includes all persons who join with the bankrupt in the commission of the offenses created by chapter 4, § 29.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 492.*

   For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

5. BANKRUPTCY (§ 492*)—CONCEALMENT OF ASSETS—OFFENSES—CORPORATIONS.

   A corporation may be guilty of a concealment of assets while a bankrupt, in violation of Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433).

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 492.*]

On Demurrer to Indictment.

C. A. Wilson, U. S. Atty., and G. H. Huddy, Jr., Asst. U. S. Atty. W. H. Barney and E. D. Bassett, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, District Judge. This is an indictment under section 5440 for conspiracy to commit an offense against the United States, to wit, a violation of the provisions of section 29b, c. 4, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]).

Section 29b provides that:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt or after his discharge from his trustee, any of the property belonging to his estate in bankruptcy," etc.

The Circuit Court of Appeals for this circuit held in Alkon v. United States, 163 Fed. 810, that the mere fact that there was no existing bankruptcy when the conspiracy originated does not make the statute inapplicable, if the conspiracy included an intent to continue the concealment after the bankruptcy. The court observed:

"It was like all conspiracies, in that it related to something in futuro."

The court approved and followed as to this point the decision of the Circuit Court of Appeals of the Second Circuit in Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113. Cohen v. United States also decided:

"(1) The corporation, the bankrupt, could violate the provision against fraudulently concealing its assets. Its act would be criminal, notwithstanding its corporate character would prevent its punishment. See U. S. v. Van Schaick (C. C.) 134 Fed. 592.

"(2) Even if the corporation alone could violate the bankruptcy act, the defendants could conspire that the corporation should violate it and so be guilty of conspiracy."

The indictment is apparently framed in view of the decision in Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113, except that it charges that the Young & Holland Company, a corporation, and the individual defendants conspired together—

"to commit an offense against the United States, in and by corruptly and fraudulently agreeing together. in anticipation of the involuntary bankruptcy of the said Young & Holland Company, to be brought about and accomplished by the said Carroll H. Chapman, with the knowledge and connivance of the said other conspirators, unlawfully, willfully, and fraudulently, while the said Young & Holland Company was a bankrupt, to conceal from the trustee in bankruptcy of the said Young & Holland Company, to be thereafter appointed, certain merchandise, etc., belonging to the estate in bankruptcy of the said the Young & Holland Company," etc.

The Young & Holland Company is alleged to be a party to the conspiracy, and it is charged that all the defendants, including the Young & Holland Company, conspired to conceal from the trustee in bankruptcy merchandise belonging to the estate in bankruptcy.

The indictment thus states that the conspiracy included a proposed concealment of assets from the trustee by the Young & Holland Company itself.

The case of United States v. MacAndrews & Forbes Co. (C. C.) 149 Fed. 834, holds that a corporation may be guilty of conspiracy. Even should there be a doubt as to whether the corporation could properly be charged as a conspirator, this would not affect the indictment, for

the individual defendants can be guilty of a conspiracy which includes in its purpose a fraudulent concealment by a bankrupt corporation. Cohen v. United States, 157 Fed. 651–653, 85 C. C. A. 113.

The defendants also contend that section 29b of the bankruptcy act defines a crime that can be committed by no person other than a bankrupt. Field v. U. S., 137 Fed. 6, 69 C. C. A. 568, and U. S. v. Lake (D. C.) 129 Fed. 499, cited by the defendants in support of that proposition, were before the court in Cohen v. United States, 157 Fed. 653, 85 C. C. A. 113, and held inapplicable where the indictment charges a conspiracy that a bankrupt corporation should conceal its assets, as distinguished from a conspiracy that the officers of a bankrupt corporation should conceal its assets.

Assuming that there can be no violation of section 29b of the bankruptcy act unless the concealment is while there is a person in bankruptcy or after his discharge, does it follow that no person is punishable under section 29b except a bankrupt? In U. S. v. Gooding, 12 Wheat. 460–472, 6 L. Ed. 693, it was said:

"Even in the highest crimes, those who are present, aiding and commanding, or aiding and abetting, are deemed principals; and if absent, in treason and misdemeanors they are still deemed principals," etc.

Section 5132 of the Revised Statutes, a provision of the former bankruptcy act, provided for punishment for various acts done by—

"every person respecting whom proceedings in bankruptcy are commenced, either upon his own petition or upon that of a creditor."

Concerning this statute, Judge Dillon made the following observation in United States v. Bayer, 4 Dill. 407–410 (Fed. Cas. No. 14,547):

"It is not necessary to decide the main proposition relied on by the learned counsel for the defendants, which is that under section 5132 no person, except the one respecting whom proceedings in bankruptcy are commenced, can commit, or be punished for, the acts therein made criminal. Without intending to determine the soundness of this position, I must say that the result of the argument left my mind with a decided impression against it. It is true that the statute only mentions the debtor or bankrupt; but it is a statutory misdemeanor only that is created, and the general principle of the law is that all procurers and abettors of statutory offenses are punishable under the statute, although not expressly referred to in the statute.   Bishop on Statutory Crimes, 136; Commonwealth v. Gannett, 1 Allen (Mass.) 7, 79 Am. Dec. 693; United States v. Harbison, 13 Int. Rev. Rec. 118, Fed. Cas. No. 15,300 (Judge Emmons); and cases cited infra.   Moreover, it has been several times adjudged, upon full consideration, that it is immaterial that the aider and procurer is himself disqualified to be the principal actor in the offense by reason of not being of a particular age, sex, condition, or class.   State v. Sprague, 4 R. I. 257; Boggus v. State, 34 Ga. 275; Rex v. Potts, Russ. & Ry. Crown Cases. 352; 1 Bishop on Crim. Law, 627, 629."

In State v. Sprague, 4 R. I. 257, Chief Justice Ames observed concerning a statute providing for punishment of a woman for concealment of the birth of a child:

"There is nothing then at least, in the nature of an offense merely, because described as one which must be committed by one person, or by a person of a certain sex, or in a certain relation, which renders it at least, if a felony, impossible to be committed by one even as a principal in the second degree, or which renders conviction of it impossible, under an indictment charging that person 'as present, aiding,' etc., that is properly so charging him and upon proof supporting that charge."

See, also, 2 Am. & Eng. Encyc. of Law, 32.

There is no serious difficulty then in the conclusion that, although section 29b requires as a principal offender a bankrupt, it is applicable not only to a bankrupt, but also to all persons who unite with the bankrupt as participants in the act which is made an offense by the statute.

Other provisions of the bankruptcy act support this view.

In defining the jurisdiction of the courts of bankruptcy, it is provided that they may, under chapter 2, § 2, subd. 4 (U. S. Comp. St. 1901, p. 3421)—

"arraign. try and punish bankrupts, officers, and other persons, and the agents, officers, members of the board of directors or trustees, or other similar controlling bodies, of corporations for violations of this act, in accordance with the laws of procedure of the United States now in force, or such as may be hereafter enacted, regulating trials for the alleged violation of laws of the United States."

Chapter 1, § 1, subd. 19:

" 'Persons' shall include corporations, except where otherwise specified, and officers, partnerships, and women, and when used with reference to the commission of acts which are herein forbidden shall include persons who are participants in the forbidden acts, and the agents, officers, and members· of the board of directors or trustees, or other similar controlling bodies of corporations."

The term "participants in the forbidden acts" seems an appropriate expression designed to cover persons who join with a bankrupt in the commission of the offenses created by chapter 4, § 29, and framed in view of the rule that those who are present aiding, commanding, or abetting are deemed principals. See U. S. v. Gooding, 12 Wheat. 472, 6 L. Ed. 693.

In an act to codify, revise, and amend the penal laws of the United States, approved March 4, 1909, c. 321, 35 Stat. 1088 and to go into effect January 1, 1910, it is provided:

"Sec. 332. Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces or procures its commission, is a principal."

This section apparently is declaratory of the existing rule. But we need not further consider the question of the commission of offenses under section 29b by persons other than the bankrupt. The principal argument is directed to the point that a corporation cannot be guilty of the offense created by section 29b. In Philadelphia, Wilmington & Baltimore Rd. Co. v. Quigley, 21 How. 202, 16 L. Ed. 73, arguments similar to those here advanced were considered in their civil aspect, and were rejected for reasons which seem applicable as rules of corporate responsibility, whether civil or criminal, and to be in accordance with the decisions in Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113, and U. S. v. MacAndrews & Forbes Co. (C. C.) 149 Fed. 831. See New York Cent. R. R. v. U. S., 212 U. S. 481, 29 Sup. Ct. 304, 53 L. Ed. —.

Other points argued do not seem of such importance as to require special consideration in this opinion.

Demurrers overruled.