UNITED STATES v. FREED. SAME v. HELLER. SAME v. GERCHIKOFF.

(Circuit Court, S. D. New York. April 23, 1910.)

1. BANKRUPTCY (§ 91*)—CORPORATIONS—NATURE OF BUSINESS—PRESUMPTIONS.

Where the name of an alleged bankrupt corporation was the "Suffolk Boarding & Livery Stable," there was no presumption that the corporation's corporate name denoted the business in which it was engaged principally, and that it was not, therefore, within Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423) providing that any corporation "engaged principally" in trading or mercantile pursuits, etc., may be adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 91.*]

2. BANKRUPTCY (§ 494*)—INDICTMENT AND INFORMATION (§ 111*)—CRIMES—INDICTMENT.

An indictment for a crime alleged to have been committed in the course of bankruptcy proceedings against a corporation, alleging that the court was there concerned in adjudicating the corporation a bankrupt, was not objectionable for failure to negative the exceptions contained in Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), specifying the corporations that may be declared bankrupts, nor for failure to allege that the corporation was in fact engaged principally in one of the occupations mentioned in that section.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 494;* Indictment and Information, Cent. Dig. §§ 295–298; Dec. Dig. § 111.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** BANKRUPTCY (§ 100*)—JURISDICTION—COLLATERAL ATTACK.
  Jurisdiction of a federal District Court in bankruptcy proceedings can-
not be collaterally attacked in a criminal prosecution for an offense com-
mitted therein.
  [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*]

**4.** PERJURY (§ 26*)—INDICTMENT—REQUISITES.
  It is sufficient that an indictment for perjury allege that defendant's
testimony was false, and that he believed it to be false, without alleging
the actual facts.
  [Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 90–94; Dec.
Dig. § 26.*]

**5.** BANKRUPTCY (§ 492*)—CORPORATIONS—CONCEALMENT OF ASSETS.
  A bankrupt corporation may be guilty of concealing assets, and the
president may be indicted for that offense, if he participated therein.
  [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 492.*]

Max Freed was indicted for causing the bankrupt, Suffolk Boarding
& Livery Stable, of which he was president, to fraudulently conceal
from its trustees various sums of money and other assets, and Freed,
David Heller, and Hyman Gerchikoff were each also indicted for a
false oath alleged to have been committed by them while witnesses be-
fore Nathanial S. Smith, referee in bankruptcy, in the matter of the
Suffolk Boarding & Livery Stable. Defendants pleaded not guilty,
demurred to the indictments, and moved to quash the same. Demur-
rers overruled, and motion to quash denied.

Henry Wise, for the United States.
Samuel Markewich, for defendant Freed.
L. B. Treadwell, for defendants Heller and Gerchikoff.

HAND, District Judge. This being upon demurrer and motion to
quash, I may consider only the indictment. The allegation is that a
petition was filed against "a corporation created by and existing under
the laws of the state of New York," whose name is stated to have been
"Suffolk Boarding & Livery Stable." There is no judicial presumption
that the corporate name of a corporation denotes what is the business
in which it is "engaged principally." Bankr. Act July 1, 1898, c. 541,
§ 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423). For aught that ap-
pears, the corporation may have been engaged principally in selling
horses, and have done a livery stable business as a mere incident. Such
a possibility is not even unlikely in fact.

Thus nothing contradicts the jurisdiction of the District Court. On
the other hand, there is no necessity, in order to show the jurisdiction
of the District Court, that the record should negative the exceptions of
the statute, alleging that the corporation was in fact engaged princi-
pally in one of the occupations mentioned in section 4b. It was enough
that the District Court, being a court of limited, but not inferior, ju-
risdiction, was there concerned "to adjudicate persons bankrupts."
Section 2, subd. 1. That gave it jurisdiction, which cannot be attacked
collaterally. Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L.
R. A. (N. S.) 236.

It is not necessary, therefore, to decide upon the point of the juris-
diction of the District Court in case it should on the trial appear that

the petition in bankruptcy actually alleged that the corporation was principally engaged in keeping a livery stable.

As to the failure to allege the actual facts, and not merely that the defendants' testimony in the perjury indictments was false, and that they believed it to be false, there is doubtless authority for the rule which would make the indictments invalid. The practice in this district has been the other way, and on principle it is clear enough that the practice is right, for the requirement is of the allegation of evidence. If the practice is to be changed, the Circuit Court of Appeals must change it.

The other points are not good. The examination was pertinent to the inquiries, and was so alleged. The crime of concealing assets could be committed by a corporation, and Freed could be indicted for the offense, if he participated in its commission. Cohen v. U. S., 157 Fed. 651, 85 C. C. A. 113; U. S. v. Young & Holland Co. (C. C.) 170 Fed. 110. Those were cases of conspiracy; but, if one may be guilty of conspiring to commit an act, it cannot be that he is not guilty if the conspiracy is accomplished. I do not regard Field v. U. S., 137 Fed. 6, 69 C. C. A. 568, as binding, after Cohen v. U. S., supra.

Demurrers overruled, and motions denied.