CONETTO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1918. Rehearing Denied July 1, 1918.)

No. 3087.

1. CRIMINAL LAW ⬢⟹101(1)—FEDERAL COURTS—REMOVAL OF ACCUSED TO OTHER DISTRICT FOR TRIAL.

In proceedings for the removal of one charged with crime from one federal district to another for trial, merely technical objections to the sufficiency of the indictment should not be considered.

2. BANKRUPTCY ⬢⟹492—OFFENSES—PARTNERSHIP—CONCEALMENT OF PROPERTY BY PARTNER—"PERSON."

A member of a bankrupt partnership, although not himself adjudged a bankrupt, is subject to prosecution for the fraudulent concealment of property of the partnership from its trustee, under Bankruptcy Act July 1, 1898, c. 541, § 29b (1), 30 Stat. 554 (Comp. St. 1916, § 9613), since, as under section 1 (Comp. St. 1916, § 9585), a partnership is a "person," it is also a "person," within the meaning of section 29b.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

In Error to the District Court of the United States for the First Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Criminal prosecution by the United States against Ciro Connetto. From an order for the removal of defendant to another district for trial, he brings error. Affirmed.

The plaintiff in error and Alfonzo Conetto were indicted in the District Court of the United States for the Southern District of Florida for violation of section 29b (1) of the Bankruptcy Act. The plaintiff in error was thereafter arrested in the Northern district of California, and after a hearing before a United States commissioner was remanded to the custody of the United States marshal for the Northern district of California, and thereafter an order and warrant of removal was made by one of the judges of the District Court for the Northern District of California, directing the marshal to deliver the plaintiff in error into the custody of the United States marshal for the Southern district of Florida. On the hearing before the commissioner it was stipulated that the indictment constituted all the evidence offered, and the commissioner's commitment was based solely upon a copy of the indictment, except that the identity of the plaintiff in error was admitted, and no further evidence was adduced at the hearing before the District Court.

⬢⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The indictment in six counts charges the accused therein with concealing a large quantity of groceries of different kinds. It alleges that the defendants were copartners in business, that they filed a voluntary petition in bankruptcy, and that on December 6, 1916, the said accused, naming them, "trading as aforesaid, were duly adjudged bankrupts"; that a trustee was appointed, who on January 6, 1917, duly qualified and gave his bond; that between the date of the adjudication in bankruptcy and the appointment of the trustee the accused did unlawfully and fraudulently conceal certain property "belonging to the said estate in bankruptcy of them the said Ciro Conetto and Alfonzo Conetto, and trading as aforesaid and bankrupt as aforesaid." The indictment described the property and charged that the same belonged to the bankrupt estate of the said Ciro Conetto and Alfonzo Conetto, trading as aforesaid, and was in their possession and under their control, and was concealed by them within the Southern district of Florida, and that neither they nor either of them have disclosed to the trustee the possession of the said merchandise by them, and have not turned over and delivered the same to the trustee or accounted to him for the same; that at the time of concealment they well knew the same to be the property of the bankrupt estate, and that no accounting has been made to the trustee thereof."

Nathan C. Coghlan, of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., and Annette Abbott Adams, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that the indictment does not charge the commission of an offense against the United States, and that where an indictment is the sole basis for removal, and fails to charge an offense, the District Court has no jurisdiction to order the removal of the accused. The extent to which inquiry may be made into the validity of an indictment on removal proceedings is outlined in Benson v. Henkel, 198 U. S. 1, 10, 25 Sup. Ct. 569, 570 (49 L. Ed. 919), as follows:

"We have had frequent occasion to hold generally that technical objections should not be considered, and that the legal sufficiency of the indictment is only to be determined by the court in which it is found. * * * Of course, this rule has its limitations. If the indictment were a mere information, or obviously, upon inspection, set forth no crime against the United States, or a wholly different crime from that alleged as the basis for proceedings, * * * the commissioner could not properly consider it as ground for removal. In such cases resort must be had to other evidence of probable cause."

The objections to the indictment are, in brief, first, that it does not appear therefrom that the plaintiff in error has ever been adjudged a bankrupt, and that, not having been adjudged a bankrupt, he is incapable of committing the offense for which he is indicted; and, second, that it does not appear from the indictment that at any time since the appointment of the trustee the plaintiff in error has concealed from the trustee any of the property belonging to the estate in bankruptcy. Assuming that the indictment does not allege that either of the individual members of the firm was adjudged a bankrupt, and that from the language of the indictment it is to be inferred, as the plaintiff in error contends, that the partnership only was adjudged a bankrupt, and that the property alleged to have been concealed belonged to the partnership estate in bankruptcy, it does not follow

that the individual members of the firm were not subject to indictment for concealing the property.

[2] We think the proper answer to the first objection is this: The partnership was adjudged bankrupt. The property belonged to the partnership, and the members of the partnership are alleged to have concealed it. As so alleged, the concealment was a partnership act. The members of the copartnership cannot claim immunity from the consequences of their acts on the ground that they individually were not adjudged bankrupts. A partnership is a "person," under the provisions of section 1 of the Bankruptcy Act, and it should be held to be a person within the meaning of section 29b. The question whether officers of a corporation may be prosecuted for concealing the property of a bankrupt corporation has been the subject of several decisions, and although in United States v. Rabinowich, 238 U. S. 86, 35 Sup. Ct. 682, 59 L. Ed. 1211, the court said that it was at least doubtful whether the crime of concealing property belonging to the bankrupt estate can be perpetrated by any other than a bankrupt, the decided weight of authority, and we think the weight of reason, affirm the liability of such officers to criminal prosecution under section 29b. United States v. Young & Holland Co. (C. C.) 170 Fed. 110; United States v. Freed (C. C.) 179 Fed. 236; Roukous v. United States, 195 Fed. 353, 115 C. C. A. 255; Kaufman v. United States, 212 Fed. 613, 129 C. C. A. 149, Ann. Cas. 1916C, 466; Wolf v. United States, 238 Fed. 902, 152 C. C. A. 36. If the officers of a corporation may thus be held answerable for concealment of the corporation property, by the stronger reason the members of a partnership should be held answerable for the concealment of partnership property.

In answer to the second objection, it is sufficient to say that the indictment charges that the property alleged to have been concealed was the property of the bankrupt, that it was concealed knowingly and unlawfully, and that although concealment began before the appointment of the trustee, and was therefore at that time no offense, it continued after the appointment of the trustee. The concealment is alleged to have consisted in the failure of the accused to deliver the property to the trustee, or to account for the same, or to disclose their possession thereof, and thereby concealment from the trustee was charged, and the completion of the offense was sufficiently set forth. Kaufman v. United States, 212 Fed. 613, 129 C. C. A. 149, Ann. Cas. 1916C, 466; Warren v. United States, 199 Fed. 753, 118 C. C. A. 191, 43 L. R. A. (N. S.) 278; Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113.

The order is affirmed.