## PRATT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 18, 1922.)

No. 3804.

1. **Habeas corpus ⬅4—Writ not used as writ of error.**

   The writ of habeas corpus cannot be used merely as a writ of error.

2. **Habeas corpus ⬅113(12)—Guilt not before the court on appeal from denial of petition for habeas corpus to prevent removal.**

   On appeal from a judgment denying a petition for habeas corpus to prevent removal for trial under an indictment, based on the ground that no probable cause was shown that petitioner was guilty of the crime charged, the single question is whether there is an entire absence of evidence, which would require a holding that the decision that there was probable cause was void as not based on evidence; the guilt or innocence of the defendant not being before the court.

3. **Criminal law ⬅108(1)—Crimes to be tried in locality where committed.**

   The law of the land requires crimes shall be tried in the district or locality where committed.

Appeal from the District Court of the United States for the Northeastern Division of the Northern District of Alabama; Wm. I. Grubb, Judge.

Petition by Tracy W. Pratt for habeas corpus to prevent his removal for trial under an indictment. Writ refused, and he appeals. Affirmed.

Lawrence Cooper and George P. Cooper, both of Huntsville, Ala., for appellant.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The appellant (hereinafter styled defendant) seeks to reverse a judgment of the District Court for the Northern District of Alabama, denying a petition for a writ of habeas corpus which was sued out to prevent his removal for trial to the Eastern District of Pennsylvania under an indictment found by the grand jury of the United States District Court for said Eastern District, charging said Pratt and others with devising a scheme and artifice to defraud, and to obtain money and property by false pretenses, and with employing the United States mails to consummate said scheme. One count of the indictment charged a conspiracy to devise said scheme, to be carried out by said use of the mails. A hearing on application for commitment was had before a United States commissioner in said Northern District of Alabama, on which hearing a certified copy of the indictment was introduced; the defendant admitting his identity with the party accused therein. The defendant introduced evidence for the purpose of disproving the existence of any probable cause that he was guilty of the offenses charged therein. After said commitment a warrant for the removal of said defendant was, after hearing, ordered to issue by the United States District Judge of said Northern District of Alabama, and said petition for habeas corpus was presented.

On said hearing, said indictment and the entire evidence had before said commissioner was introduced, and it was insisted that no probable cause was shown that defendant was guilty of any crime charged. The court refused the writ of habeas corpus. The contentions of the brief for the appellant resolve themselves into the point that no probable cause has been shown of the existence of an offense against the United States as charged in said indictment.

Stress is laid on the decision in Tinsley v. Treat, 205 U. S. 20, 27 Sup. Ct. 430, 51 L. Ed. 689, which decides that a removal can only be authorized where the court finds, on the evidence adduced, that probable cause of guilt of the accused exists, and that the defendant is entitled to introduce evidence to rebut the prima facie case arising on the production in evidence on such hearing of an indictment accusing him and proof of his identity. The sole question for decision there was on the right of defendant to introduce such rebutting evidence, and the error of the court consisted in refusing to allow him so to do. Here all admissible evidence offered by the defendant was received, and the objection is, not to a refusal to receive it, but an alleged error in not holding that it rebutted the prima facie case made by the indictment, coupled with the admission of defendant's identity.

[1] The writ of habeas corpus cannot be used merely as a writ of error. In re Gregory, 219 U. S. 210, 213, 31 Sup. Ct. 143, 55 L. Ed. 184; Henry v. Henkel, 235 U. S. 219, 229, 35 Sup. Ct. 54, 59 L. Ed. 203.

[2] The question, presented on this petition for habeas corpus, is not if the facts are such that a jury, after giving to a defendant the presumption of innocence to which he is entitled, would convict. The guilt or innocence of the defendant is not before us. The single question here is whether there is "that entire absence of evidence, which, upon an appeal like this, would require us to hold that the decision that there was probable cause was void as not based on any evidence." Price v. Henkel, 216 U. S. 488, 493, 494, 30 Sup. Ct. 257, 260 (54 L. Ed. 581). See, also, Hyde v. Shine, 199 U. S. 62, 84, 87, 25 Sup. Ct. 760, 50 L. Ed. 90; Harlan v. McGourin, 218 U. S. 442, 446, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Henry v. Henkel, 235 U. S. 219, 228, 35 Sup. Ct. 54, 59 L. Ed. 203.

[3] We are unable to say that in this case there is such a want of evidence of probable cause that the warrant of removal is illegal and its enforcement can be arrested by habeas corpus. While it may be a hardship for a citizen to be carried for trial to a part of the country distant from his residence, the law of the land requires that crimes shall be tried in the district or locality where committed. The Constitution considers this requirement as essential to protect the citizen in his right to a proper trial. Haas v. Henkel, 216 U. S. 462, 473, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112.

The judgment of the District Court is affirmed.