## FRIES v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 4, 1922.)

No. 3937.

Criminal law ⬅︎1023(3)—Order for removal of prisoner to another district for trial not reviewable.

An order of a District Judge, made under Rev. St. § 1014 (Comp. St. § 1674), for removal of a prisoner indicted in another federal district to that district for trial, is not a final judgment, and is not reviewable on writ of error by the Circuit Court of Appeals.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Criminal prosecution by the United States against Charles F. Fries. From an order for removal of defendant to another district for trial, he brings error. On motion to dismiss writ. Motion granted.

Fries and others were indicted in the United States District Court in Illinois, Eastern Division, for violation of the conspiracy statute (section 37, P. C. [Comp. St. § 10201]), and for devising a scheme to defraud, and using the mails in aid thereof (section 215, P. C. [Comp. St. § 10385]). After hearing before a commissioner at Los Angeles, Fries was held, and upon application to Judge Bledsoe, of the Southern District of California, for warrant under section 1014 of the Revised Statutes (Comp. St. § 1674), hearing was had and an order of removal was made. Fries brought writ of error to this court, and counsel for the United States moves to dismiss the writ, upon the ground that the order of removal is not a final one under the provisions of section 128 of the Judicial Code (Comp. St. § 1120), which confers appellate jurisdiction upon this court to review final decisions of the District Courts in

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section 238 (Comp. St. § 1215), unless otherwise provided by law.

H. H. Harris, of Los Angeles, Cal., and Clyde R. Moody, of San Francisco, Cal., for plaintiff in error.

Jos. C. Burke, U. S. Atty., and Robert B. Camarillo, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). We do not regard the order of removal as a final decision within section 128, Judicial Code. No final judgment in the action can be entered upon an order of removal. Procedure to obtain such an order is an intermediate step, by which the person charged in one district may be brought before a judicial officer in another district for the purpose of ascertaining whether a showing is made upon which order shall be made removing him to the district where trial is to be had. It is true, of course, that in such procedure the rights of the defendant or respondent are affected (Price v. Henkel, 216 U. S. 488, 30 Sup. Ct. 257, 54 L. Ed. 581); but, even so, review by writ of error is limited to the final judgment of the trial court, wherever the trial of the guilt or innocence of the defendant is had. It is hardly necessary to point out that many orders may be made which seriously affect the rights of the accused person, yet are not final in the sense of being subject to review by writ of error. One's rights may be affected by an order fixing the amount of bail, or the action of a court in denying a motion for a new trial, and while such orders in a sense are final, in that the defendant may have no redress from a decision against him, it could not be contended that they are final in the technical sense of the term as used in section 1014, Rev. St. As said by Chief Justice Green in State v. Wood, 23 N. J. Law, 560:

"The term 'final,' as applied to a judgment or judicial award, has a technical, fixed, and appropriate meaning. It denotes the essential character, not the mere consequences of the order. It is used in contradiction to 'interlocutory.'"

See Hultberg v. Anderson, 214 Fed. 350, 131 C. C. A. 125.

In Tinsley v. Treat, 205 U. S. 20, 27 Sup. Ct. 430, 51 L. Ed. 689, the Supreme Court, referring to section 1014, said:

"Obviously the first part of the section provides for the arrest of any offender against the United States wherever found, * * * but when he has been indicted in a district in another state than the district of arrest, then, after the offender has been committed, it becomes the duty of the District Judge, on inquiry, to issue a warrant of removal."

In the performance of the judicial duty the judge should look into the indictment to ascertain whether an offense against the United States is charged. He should find whether there was probable cause and determine whether the court to which the accused is sought to be removed has jurisdiction to try the offense charged. Greene v. Henkel, 183 U. S. 249, 22 Sup. Ct. 218, 46 L. Ed. 177. By the procedure

outlined there is accorded that reasonable protection due to the person charged in the indictment.

In Murray v. United States, 273 Fed. 522, defendant appealed from an order of the District Judge made under section 1014 of the Revised Statutes, removing defendant for trial, but the Court of Appeals (Second Circuit) dismissed the proceeding, saying:

"If the order is to be regarded as a step in the cause, it is interlocutory, and therefore not appealable, under section 128 of the Judicial Code. * * * Coastwise Lumber & Supply Co. v. United States, 259 Fed. 847, 170 C. C. A. 647. If it is to be regarded as an independent proceeding, the only relief is, and by long-established practice has been, by writ of habeas corpus. This is concededly the first proceeding by appeal of which there is any knowledge." Henry v. Henkel, 235 U. S. 219, 35 Sup. Ct. 54, 59 L. Ed. 203; Pratt v. United States (C. C. A.) 279 Fed. 263; Crosland v. Dyson (C. C. A.) 280 Fed. 105.

In Conetto v. United States, 251 Fed. 42, 163 C. C. A. 292, defendant brought writ of error from an order for removal to another district. The contention was that the indictment stated no offense, and therefore that the District Court had no jurisdiction to order the removal. The question whether writ of error would lie was not presented by the briefs or considered by the court.

Finding no ground for entertaining the writ of error, defendant is not entitled to the relief asked.

Motion to dismiss is granted.