### MURRAY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   April 27, 1921.)

No. 223.

Criminal law ☞1023 (6)—Order for removal of defendants to another district not appealable.
    An order for the removal of defendants to another district for trial, under Rev. St. § 1014 (Comp. St. § 1674), if regarded as a step in the cause, is interlocutory, and not appealable, under Judicial Code, § 128 (Comp. St. § 1120), and, if regarded as an independent proceeding, the remedy is by habeas corpus, and not by appeal.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of New York.

Criminal proceeding by the United States against John Murray, alias Michigan Shorty, and others. An order for defendants' removal to another district for trial was made, and they bring error. Appeal dismissed.

See, also, 271 Fed. 534.

Robert M. Moore, of Malone, N. Y., for plaintiffs in error.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y. (Henry J. Walsh, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. This is an appeal from an order of Judge Garvin, under section 1014, U. S. Revised Statutes (Comp. St. § 1674), removing the defendants to the Eastern district of North Carolina for trial under an indictment charging them with conspiring to commit an offense against the United States.

If the order is to be regarded as a step in the cause, it is interlocutory, and therefore not appealable, under section 128 of the Judicial Code (Comp. St. § 1120). Coastwise Lumber & Supply Co. v. United States, 259 Fed. 847, 170 C. C. A. 647. If it is to be regarded as an independent proceeding, the only relief is, and by long-established practice has been, by writ of habeas corpus. This is concededly the first proceeding by appeal of which there is any knowledge.

Appeal dismissed.