### SAWYER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924.)

No. 4138.

1. **Criminal law ⊜⊃1023(3)—Order for removal of prisoner to another district for trial not reviewable; "final decision."**
   An order made by a District Judge, under Rev. St. § 1014 (Comp. St. § 1674), for removal of a prisoner to another federal district for trial, is not a final decision, and is not reviewable on writ of error by the Circuit Court of Appeals.

   [Ed. Note.—For other definitions, see Words and Phrases; First and Second Series, Final Decision.]

2. **Criminal law ⊜⊃1114(1)—Order held not reviewable on the record.**
   An order made by a District Court or Judge is not reviewable on writ of error, where the record contains no bill of exceptions and does not otherwise show on what the order was based.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

G. W. Sawyer brings error to review an order for his removal to another federal district for trial on a criminal charge. Writ dismissed.

For opinion below, see United States v. Gill, 290 Fed. 210.

John C. Gramling, of Miami, Fla. (Gramling & Clarkson, of Miami, Fla., on the brief), for plaintiff in error.

---

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wm. M. Gober, U. S. Atty., of Tampa, Fla., Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla., and E. E. Hindman, U. S. Atty., and Niles Moseley, Asst. U. S. Atty., both of Jackson, Miss.

Before WALKER and BRYAN, Circuit Judges, and ERVIN, District Judge.

WALKER, Circuit Judge. This is a writ of error to obtain a review of an order made by the judge of the Southern district of Florida, under R. S. § 1014 (Comp. St. § 1674), for the removal of the plaintiff in error to the Southern district of Mississippi.

[1, 2] The record contains no bill of exceptions. In no proper way is it made to appear upon what the action of the judge in making the order was based. We are of opinion that the order is interlocutory in its nature, is not a final decision within the meaning of amended section 128 of the Judicial Code (Comp. St. § 1120), and is not by that or any other statute made subject to appellate review by this court. Fries v. United States (C. C. A.) 284 Fed. 825; Murray v. United States (C. C. A.) 273 Fed. 522. If the order were reviewable by this court, an affirmance of it would be required, because of the above-stated condition of the record.

The writ of error is dismissed.