## SAWYER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1925.)

No. 4343.

1. **Habeas corpus** ⟨⟩54—**Petition held not to show that order for removal, under which accused was held, was made prior to hearing before commissioner.**

Petition for writ of habeas corpus, presented by accused held for removal, *held* not to show that hearing before commissioners was had prior to issuance of warrant under which accused was held, where it appeared warrant was based on affidavit, which was based on indictment, and that hearing before commissioner was as to charge made in that indictment, and particularly where attached copy of order of removal showed that it was made after hearing attended by accused and counsel.

2. **Criminal law** ⟨⟩242(6)—**Sufficiency of indictment against accused, sought to be removed from one federal district to another, is question for court to which removal is ordered.**

Sufficiency of indictment against accused, sought to be removed from one federal district to another, is question for court to which removal is ordered.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Petition for writ of habeas corpus by G. W. Sawyer. From an order dismissing petition, petitioner brings error. Order affirmed.

See, also, 290 F. 210; 297 F. 222.

John C. Gramling, of Miami, Fla., and St. Clair Adams, of New Orleans, La., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., Maynard Ramsey, Asst. U. S. Atty.,

of Jacksonville, Fla., Niles Moseley, Asst. U. S. Atty., of Jackson, Miss., and Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. [1] The matter presented for review is an order dismissing a petition for a writ of habeas corpus presented by an accused person who was held under an order, made by Judge Call, of the Southern district of Florida, for the removal of the accused to the Southern district of Mississippi. The order in question is complained of on the ground that the averments of the petition for the writ of habeas corpus show that the hearing before a commissioner was prior to the issue of the warrant under which the accused was held when the order for his removal was made, and that there was no hearing while the accused was held under that warrant. The averments of the petition for the writ, including the exhibits thereto, show that the warrant mentioned was based on an affidavit made on April 19, 1923, that the charge made in that affidavit was based on an indictment charging a violation of section 37 of the Penal Code (Comp. St. § 10201), found in the District Court for the Southern District of Mississippi, and that the hearing which was had before the commissioner was as to the charge which was made in the same indictment. The averments of the petition do not show that the hearing before the commissioner was on a charge different from that made in the affidavit upon which the above-mentioned warrant was issued. Furthermore, the order of removal, a copy of which was attached to the petition, shows that it was made following a hearing by Judge Call, at which the accused was present and represented by counsel, and the making of findings by the judge, based on evidence adduced, that the accused is the person named in said indictment, and that there is probable cause to believe him guilty of the offense charged.

[2] We are of opinion that the averments of the petition for the writ fail to show that there was not a proper hearing on the charge made, that the accused did not have an opportunity to show cause why he should not be removed, that the removal order was made without the judge considering and passing upon the questions whether an offense against the United States was charged, whether there was probable cause to believe the accused guilty thereof, and whether the court to which his removal was sought has jurisdiction thereof, or that the removal order was invalid for any reason. It follows that error was not committed in dismissing the petition. Henry v. Henkel, 235 U. S. 219, 35 S. Ct. 54, 59 L. Ed. 203; Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; Zoline's Federal Criminal Law & Procedure, § 92 et seq. The question of the sufficiency of the indictment was one for the court to which the removal was ordered. Henry v. Henkel, supra.

The order is affirmed.