**WOOD et al. v. COOPER, U. S. Marshal, et al., and three other cases.***

Circuit Court of Appeals, Eighth Circuit.
March 15, 1927.

Nos. 7544–7547.

1. Criminal law ⚖➡1023(3)—Order for removal of defendant from one federal district to another is not reviewable by writ of error (Comp. St. § 1674).

Writ of error will not lie to review an order, under Rev. St. § 1014 (Comp. St. § 1674), for removal of defendant from one federal district to another for trial.

*Certiorari denied 47 S. Ct. 764, 71 L. Ed. ——.

2. Criminal law ⚖➡242(1)—Court held to have jurisdiction of defendants' persons in removal proceeding, notwithstanding defects in proceedings before commissioner (Comp. St. § 1674).

In proceeding under Rev. St. § 1014 (Comp. St. § 1674), for removal of defendants from one federal district to another for trial, court held to have jurisdiction of defendants' persons, notwithstanding defects in proceedings before commissioner, in view of filing of new complaints and defendants' waiver of issuance and service of warrants of arrest thereunder.

3. Criminal law ⚖➡242(1)—In removal proceeding, jurisdiction of court over subject-matter held sufficiently established (Comp. St. § 1674).

In proceedings under Rev. St. § 1014 (Comp. St. § 1674), for removal of defendants from one federal district to another for trial, jurisdiction of court over subject-matter held sufficiently established, where amended complaints and attached indictments, when considered together, stated that an offense had been committed against the United States by defendants, and that district to which defendants were to be removed had jurisdiction to conduct trial of accused.

4. Criminal law ⚖➡242(4)—Complaining papers in removal proceedings are not to be viewed in technical sense, and even defects in indictment may be disregarded (Comp. St. § 1674).

The complaining papers in removal proceedings under Rev. St. § 1014 (Comp. St. § 1674), are not to be viewed in a technical sense, and even defects in indictment, which might subject it to a motion to quash or in arrest of judgment, will ordinarily be disregarded by the committing magistrate.

5. Criminal law ⚖➡242(5)—In removal proceedings, indictments are prima facie evidence of probable cause (Comp. St. § 1674).

In removal proceedings under Rev. St. § 1014 (Comp. St. § 1674), indictments are prima facie evidence of probable cause.

6. Criminal law ⚖➡242(7)—In removal proceedings, defendants may rebut prima facie showing of probable cause arising from indictment (Comp. St. § 1674).

In removal proceedings under Rev. St. § 1014 (Comp. St. § 1674), defendants may properly introduce evidence to rebut prima facie showing of probable cause arising from fact of indictment.

7. Criminal law ⚖➡242(7)—In removal proceedings, evidence held to sufficiently establish probable cause (Comp. St. § 1674).

In removal proceedings under Rev. St. § 1014 (Comp. St. § 1674), evidence held sufficient to show probable cause warranting removal.

8. Habeas corpus ⚖➡92(1)—Appellate court will not weigh evidence in habeas corpus proceedings to review removal order (Comp. St. § 1674).

In habeas corpus proceedings to review order for removal under Rev. St. § 1014 (Comp.

St. § 1674), appellate court will not weigh the evidence.

Appeal from and in Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Two removal proceedings by the United States against B. Frank Wood and others, and two habeas corpus proceedings, one by B. Frank Wood and others and the other by B. Frank Wood alone, against Henry Cooper, United States Marshal, and others, against the same respondents. To review orders for removal, B. Frank Wood and others and B. Frank Wood, individually, bring two writs of error. From orders discharging writs of habeas corpus, petitioners therefor appeal. Writs of error dismissed, and orders discharging writs of habeas corpus affirmed.

David A. Kline, of Muskogee, Okl., and Thomas H. Owen, of Oklahoma City, Okl., for appellants and plaintiffs in error.

John S. Pratt, Sp. Asst. Atty. Gen. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for appellees and the United States.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. Four matters are here for consideration: Two writs of error, Nos. 7546 and 7547; and two appeals, Nos. 7544 and 7545. One writ of error, No. 7546, and one appeal, No. 7544, relate to the attempted removal (under section 1014, Revised Statutes [Comp. St. § 1674]) of B. Frank Wood and others, including J. L. Nourse, from the Eastern district of Oklahoma to the Southern district of California, where they had been indicted for using the mail in furtherance of a scheme to defraud. The other writ of error and the other appeal relate to a similar attempted removal of B. Frank Wood and others, not including Nourse, from the Eastern district of Oklahoma to the Southern district of California, where they had been indicted for a similar offense and for conspiracy. The indictments were returned in the Southern district of California June 19, 1925. Wood and Nourse only resisted removal.

By a perusal of more than 1,100 printed pages of record, a great part of which might properly have been omitted, we gather that, after much sinuosity of procedure, judgment was entered in the Eastern district of Oklahoma on the 3d of June, 1926, covering both cases—overruling motions by defendants to quash the complaints in the removal proceedings, overruling motions to dismiss the causes, and granting the application of the United States for the removal of the defendants. Orders of removal were entered the same day. The judgment also stayed the execution of the removal orders until June 18, 1926, and allowed writs of error to obtain review in this court. No supersedeas bond was allowed, but the stay was granted in order that the defendants might apply to this court for allowance of a supersedeas bond. Such application was made to this court, and denied. Writs of error were, however, sued out June 18, 1926, and are here as Nos. 7546 and 7547. On June 18, 1926, the defendants, having failed to secure a supersedeas, surrendered themselves to the United States marshal, and the court thereupon entered a new order for their removal. On the same day, petitions for writs of habeas corpus in the two cases were filed, writs were ordered to issue and were issued, a hearing was had, and orders were entered, also on the same day, discharging the writs which had been so issued. The defendants were again remanded to the custody of the marshal, appeals were allowed from the orders discharging the writs, and a stay of execution of the orders was granted until September 15, 1926, for the purpose of obtaining the allowance of a supersedeas bond by this court. The allowance was obtained, and the two appeals are here as Nos. 7544 and 7545.

In general, the questions involved in the writs of error and in the appeals are the same: (1) Did the United States commissioner or the United States District Court for the Eastern District of Oklahoma have jurisdiction over the parties? (2) Did they have jurisdiction over the subject-matter? (3) Was probable cause shown for the removal?

[1] A preliminary question, however, arises: Has this court jurisdiction by virtue of the writs of error? In Murray v. United States, 273 F. 522, the Circuit Court of Appeals of the Second Circuit held an order of removal not appealable, because it was not a final order. The court said that relief, if obtainable at all, must be obtained by habeas corpus. In Fries v. United States, 284 F. 825, the Circuit Court of Appeals of the Ninth Circuit held that a writ of error would not lie to review an order of removal, the order not being final. In Sawyer v. United States, 297 F. 222, the Circuit Court of Appeals of the Fifth Circuit made the same holding. We agree with the conclusions thus reached, and think the writs of error should be dismissed.

Turning to the appeals. The following

steps were had in each of the cases leading up to the habeas corpus proceedings: On November 3, 1925, complaints were filed by the United States with the United States commissioner at Muskogee. Warrants of arrest were issued. December 2, 1925, a hearing was had before the commissioner. The commissioner allowed an amendment to the complaint. The defendants put in an answer, attacking the complaint and the indictment; also attacking the jurisdiction of the commissioner. Both of the defendants testified on the hearing before the commissioner. After the hearing, the commissioner made findings on January 20, 1926, including one of probable cause. March 4, 1926, application was made by the government to the District Court to remand these proceedings to the commissioner, and this application was granted. New or amended complaints were thereupon filed with the commissioner on March 4, 1926; and apparently the same complaints were also filed in the District Court. Further testimony was taken before the commissioner, who thereafter reaffirmed his former findings. On March 23, 1926, a hearing was had before the court. It was stipulated that all of the evidence received before the commissioner in each of the cases, should be considered in evidence before the court, and that the cases commenced before the commissioner, relating to the two indictments, and the cases commenced before the United States District Court, relating to the same two indictments, should be respectively consolidated. On June 3, 1926, the court made its findings, including one of probable cause, and entered the judgment and orders of removal heretofore mentioned. This judgment was entered in a cause entitled, "Consolidated Cases Commissioner's Court 2411 and 2412, District Court 9756, 9757, 9934 and 9935," which numbers designated the several proceedings commenced before the United States commissioner and also those commenced in the United States District Court.

### I. Did the Court Below Have Jurisdiction of the Persons of the Defendants?

[2] Whatever may have been the defects in the proceedings before the commissioner leading to the arrest of the defendants, the District Court had jurisdiction of the persons of the defendants by virtue of the proceedings in that court on the 4th of March, 1926. On that day an application was made by the government to file new complaints. It was granted, and the court in its order recited:

"Upon consideration of said application, the court thereupon grants the same, and it is hereby ordered that upon the filing of said complaint and application the clerk forthwith issue a warrant directed to the marshal of this district for the arrest of said defendants returnable forthwith. Thereupon the said defendants B. Frank Wood and J. Leigh Nourse, being present in open court, waived and do now waive the issue and service of such warrants of arrest on the complaint and application of the United States in the above styled action."

### II. Did the Court Below Have Jurisdiction of the Subject-Matter?

[3] It is claimed, however, by the defendants, that though there was a waiver as to the jurisdiction of the persons of the defendants, there was no waiver as to jurisdiction over the subject-matter; that is, as to the sufficiency of the affidavits or complaints before the commissioner and the court. This depends upon the purpose for which the affidavits and complaints were offered. If they were offered merely for the purpose of obtaining a warrant for arrest, then the voluntary appearance of defendants in court waived the defects in the affidavits or complaints. But if the affidavits or complaints were offered also for the purpose of showing the jurisdictional fact that an offense had been committed against the United States, then the appearance of the defendants in court would not waive defects in the affidavits or complaints upon consideration of that question. The defendants were properly given the benefit of any doubt in this regard, and the question of the sufficiency of the showing was treated as an open one before the commissioner and the court.

An examination of the record discloses that the amended complaints and the attached indictments, when fairly considered together, stated (a) that an offense had been committed against the United States; (b) by the defendants; and (c) under such circumstances that the United States District Court for the Southern District of California had jurisdiction to conduct the trial of the accused.

[4] The complaining papers in removal proceedings are not to be viewed in a narrow technical sense. Even defects in the indictment, which might subject it to a motion to quash or motion in arrest of judgment, will ordinarily be disregarded by the committing magistrate. In Benson v. Henkel, 198 U. S. 1, 11, 25 S. Ct. 569, 571, 49 L. Ed. 919, the court said:

" * * * Where the statute contains every element of the offense, and an indictment is offered in evidence before the extradition

commissioner as proof of probable cause, it is sufficient, if framed in the language of the statute, with the ordinary averments of time and place, and with such a description of the fraud, if that be the basis of the indictment, as will apprise an intelligent man of the nature of the accusation, notwithstanding that such indictment may be open to motion to quash or motion in arrest of judgment in the court in which it was originally found." ·

See, also, Greene v. Henkel, 183 U. S. 249, 260–261, 22 S. Ct. 218, 46 L. Ed. 177; Hyde v. Shine, 199 U. S. 62, 83, 25 S. Ct. 760, 50 L. Ed. 90; Haas v. Henkel, 216 U. S. 462, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522; Crosland v. Dyson (C. C. A.) 280 F. 105; Whitaker v. Hitt, 52 App. D. C. 149, 285 F. 797, 27 A. L. R. 951; Sawyer v. United States (C. C. A.) 4 F.(2d) 385.

We think the complaining papers in the case at bar were sufficient under the authorities above cited to confer jurisdiction on the commissioner and the District Court.

### III. Was There a Showing of Probable Cause?

[5-7] The indictments were before the commissioner and the District Court. They were prima facie evidence of probable cause. Rebutting evidence was introduced by the defendants. This was proper. Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689. But, after considering all the evidence, both the commissioner and the court made findings. of probable cause. That there was substantial evidence of probable cause is clearly disclosed by the record.

[8] In habeas corpus proceedings of this character the appellate court will not weigh the evidence. Horner v. United States, 143 U. S. 207, 215, 12 S. Ct. 407, 36 L. Ed. 126; Greene v. Henkel, 183 U. S. 249, 261, 22 S. Ct. 218, 46 L. Ed. 177; Beavers v. Henkel, 194 U. S. 73, 88, 24 S. Ct. 605, 48 L. Ed. 882; Hyde v. Shine, 199 U. S. 62, 84, 25 S. Ct. 760, 50 L. Ed. 90; Henry v. Henkel, 235 U. S. 219, 228, 229, 35 S. Ct. 54, 57, 59 L. Ed. 203; Fernandez v. Phillips, 268 U. S. 311, 312, 45 S. Ct. 541, 69 L. Ed. 970. See, also, Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759.

We think the judgment and orders of the court below directing removal were right. The writs of error are therefore dismissed, and the orders discharging the writs of habeas corpus are affirmed. Let the mandates be issued forthwith.