## EVANS v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
December 9, 1929.

No. 5635.

R. A. Hendricks, Lloyd C. Hooks, and Lelia Russell, all of Miami, Fla. (B. E. Hendricks, of Miami, Fla., on the brief), for appellants.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and John F. Coldiron and Norman J. Morrison, Sp. Asst. Attys. Gen., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By an indictment filed in January, 1928, in the District Court of the United States for the Eastern District of Tennessee, the appellants and others were charged with a conspiracy to violate provisions of the National Prohibition Act (27 USCA). In March, 1929, the appellants were arrested in the Southern district of Florida under a warrant issued by a United States commissioner of that district. In the preliminary hearing before the commissioner the government offered in evidence the indictment and the testimony of a witness. Upon the offer of testimony for the appellants—what was proposed to be shown by the proffered testimony not being indicated—the commissioner stated in effect that that was a matter for the judge to deal with. By what was called a petition for review the appellants brought before the judge the proceedings before the commissioner. The hearing before the judge, so brought about, resulted in an order of removal. Thereupon the appellants sued out a writ of habeas corpus. By written stipulation of counsel the evidence taken before the commissioner was used in the habeas corpus hearing. In that hearing no other evidence was offered by the appellants. That hearing resulted in an order discharging the writ of habeas corpus. What is presented for review by the appeal is the order discharging the writ of habeas corpus, though the petition for the appeal prayed for an appeal from the order overruling the above-mentioned petition for review, from the order of removal, and from the order discharging the writ of habeas corpus. The hearing before the commissioner was preliminary to action by the judge on the subject of removal. 18 USCA § 591. As the judge alone can order a removal, upon

his making such an order, rulings or conclusions of the commissioner become immaterial. The order of removal is not appealable. Sawyer v. United States (C. C. A.) 297 F. 222; Wood v. Cooper (C. C. A.) 18 F.(2d) 535.

As above indicated, in the habeas corpus hearing no evidence was offered by the appellants. In that hearing there was evidence identifying the appellants as persons accused by the indictment. That evidence and the indictment, if it charged, however inartificially, the appellants with a criminal offense, was prima facie proof of probable cause.

The indictment was challenged on the ground that it was fatally defective because of a failure to allege where the conspiracy was formed, or that any overt act was committed in the district in which the indictment was returned. The indictment is not subject to attack on the ground indicated, as it alleged the doing in the district in which the indictment was found of overt acts to effect the objects of the conspiracy charged. The offense charged was triable in a district where an overt act was done. Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136.

The indictment was criticized in other respects. As to such criticisms it is enough to say that they dealt with the sufficiency of the indictment as a pleading. That was a matter for adjudication by the trial court. Technical faults in an indictment do not keep it from being sufficient evidence of probable cause. Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522. What was before the judge in the habeas corpus proceeding did not show that appellants were illegally held.

The order appealed from is affirmed. Let the mandate issue forthwith.

Affirmed.