## EDELSTEIN v. UNITED STATES.

### No. 6602.

Circuit Court of Appeals, Third Circuit.

May 24, 1938.

Minturn & Weinberger, of Newark, N. J. (William Newman, of Irvington, N. J., and Harry H. Weinberger, of Newark, N. J., of counsel; Hyman Halpern, of Newark, N. J., on the brief), for appellant.

Charles A. Stanziale, Asst. U. S. Atty., of Newark, N.J.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

Louis Edelstein, defendant-appellant, was indicted in New York for alleged violations of section 215 of the Criminal Code for the use of the mails to defraud (18 U.S.C.A. § 338); section 37 of the same code for conspiracy (18 U.S.C.A. § 88) and section 17(a) of the Securities Act of 1933 (15 U.S.C.A. § 77q(a). He was arrested in New Jersey and brought before Judge Clark, who, after a hearing, issued an order directing his removal to the Southern District of New York to stand trial. From this order of removal, the defendant has appealed to this court.

It is well settled that an appeal may not be taken from an order of removal. Murray v. United States, 2 Cir., 273 F. 522; Fries v. United States, 9 Cir., 284 F. 825; Sawyer v. United States, 5 Cir., 297 F. 222; Wood v. Cooper, 8 Cir., 18 F.2d 535; Bogle v. White, 5 Cir., 61 F.2d 930.

For this cause alone the "appeal" must be dismissed, but on the merits the order of removal is justified by the facts of the case. The record reveals that a copy of the indictment against the defendant was placed in evidence and that a copy was presented to counsel for the defendant at the hearing. The indictment alone gives rise to a prima facie case for the removal of the defendant. Swan v. United States, 3 Cir., 23 F.2d 148. Furthermore, there was other evidence tending to implicate the defendant in the alleged mail fraud. On the other hand, the defendant's testimony amounted to a mere denial of guilt, and this is clearly not sufficient to prove the non-existence of probable cause. Swan v. United States, supra; United States v. Mathues, 3 Cir., 19 F.2d 22. The most that can be said for the defendant's testimony is that it gives rise to some doubt of the existence of probable cause, but this would not justify "a refusal to issue a warrant for defendant's removal." United States v. Hecht, 2 Cir., 11 F.2d 128, 130. Where the evidence merely raises a "doubtful or controverted question of fact, * * * removal should be made and those questions referred to the trial court." United States v. Keough, D.C., 48 F.2d 246, 251, 252.

The appeal is therefore

Dismissed.