## SEMEL et al. v. UNITED STATES.

### No. 11742.

Circuit Court of Appeals, Fifth Circuit.
Oct. 18, 1946.

See also 66 F.Supp. 202.

Joseph Lawrence, of Washington, D. C., and Louis Halle, of New York City, Jacob H. Morrison, of New Orleans, La., and

---

230

Harvey G. Fields, of Farmerville, La., for petitioners.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for respondent.

Before SIBLEY, HUTCHESON and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

This case presents questions of the application of the new Rules of Criminal Procedure in federal courts, which became effective in March, 1946, to an indictment returned in October, 1945, and to the review in this court of a refusal on June 26, 1946, by the district judge to transfer the case for trial to the District Court for the Southern District of New York under Rule 21(b).[1]

The proceeding in this court is a petition by the defendants addressed to the judges of this court accompanied by affidavits and uncertified copies of the indictment, the motion to transfer made in the district court with the affidavits there presented to show the justice of the transfer, the order refusing the transfer on June 26, 1946, and an extract from the minutes of July 2, which shows that on that date the defendants filed a notice of appeal, that there was a hearing on the allowance of an appeal, that the court ordered that the appeal be denied, but the trial of the case was postponed till Oct. 14, 1946, "to give the defendants time to apply to the Circuit Court of Appeals for an appeal." The specific prayer of the petition now before us is, that the United States Attorney for the Western District of Louisiana be directed to show cause why the defendants "should not be allowed to file their appeal from the ruling made by the judge of the United States District Court for the Western District of Louisiana denying their motion to transfer." The United States Attorney, without being cited, has appeared, and argues that an appeal should not be allowed because the order complained of is not appealable since it is not a final judgment in

the case, and since it rests wholly in the discretion of the trial judge. He presents a transcript certified by the official reporter showing that the district judge denied an appeal for that reason.

■■■■ Counsel and the district judge seem to assume that an appeal in a criminal case must be allowed by the trial judge or a judge of this court, in order that it may be initiated. Whether wisely or unwisely, such allowance has been expressly done away. Rule 37(a) (1) reads: "An appeal permitted by law from a district court to the Supreme Court or to a circuit court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate. Petitions for allowance of appeal, citations and assignments of error in cases governed by these rules are abolished." The district judge has no function in the matter, and the provision of 28 U.S.C.A. § 228, touching allowance by the judges of this court, is correspondingly modified. The scheme of the new rules is developed in these further provisions: Rule 37(a) (1). "The duplicate notice of appeal and a statement of the docket entries shall be forwarded immediately by the clerk of the district court to the clerk of the appellate court." Rule 39(a), "The supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk, except as otherwise provided in these rules. The appellate court may at any time entertain a motion to dismiss the appeal, or for directions to the district court, or to modify or vacate any order made by the district court or by any judge in relation to the prosecution of the appeal, including any order fixing or denying bail." The safeguard against appeals from judgments which are not final or for any other reason not appealable, lies in the requirement for immediate transmittal of the notice of appeal to this court, which may then, but not before, dismiss the appeal or make other appropriate order on motion. If the

[1] Rule 21(b). "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

clerk of the district court fails or refuses to transmit the notice of appeal and docket entries, we do not doubt our power by mandamus to compel him to do his duty. But, it is argued, a defendant might file notices of appeal from the overruling of a demurrer to the indictment, or a refusal to continue the case, or to grant a severance, and endlessly delay a trial. Perhaps where the appeal is from a judgment which plainly is not appealable, the trial court might ignore it and proceed with the case, under risk of reversal by the appellate court. We are not aware of any law which would deprive the trial court of all jurisdiction to proceed on the filing of every notice of appeal. The trial judge in this matter followed the middle course of postponing the trial to give opportunity to obtain the opinion of the appellate court as to the appealability of the order refusing to transfer this case.

But the notice of appeal, though filed, has never been transmitted to this court. The present petition is not brought against the clerk to compel him to his duty. Nor is it a motion in an appeal here pending, to supervise further action in the district court under Rule 39(a). It may be termed an effort to reverse a judgment, which is at best of very doubtful finality, by an original petition instead of by appeal. We are offered no record certified by the clerk or judge of the district court, but independent affidavit evidence, the truth of which we might have to try. Our jurisdiction is by 28 U.S.C.A. § 225, limited "to review by appeal final decisions", with exceptions not applying to criminal cases. A different procedure we may not adopt.

It remains to enquire whether this is "a case governed by these rules" to which Rule 37(a) (1) refers. Rule 1 states that the rules govern procedure in the courts of the United States in all criminal proceedings with the exceptions stated in Rule 54. The latter rule contains no exceptions here relevant. Rule 59 fixes their effective date, and states: "They govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending." There is nothing unjust or impracticable in a proper case in transferring a pending indictment to another division or district under Rule 21(b), and these petitioners expressly relied on that rule in applying for a transfer. There is indeed no authority for a transfer to another district aside from this rule. It appears that the transfer was refused under the rule and on the merits. We think it clear that an appeal from this refusal, if presently appealable, is regulated by the provisions of the rules as to appeals. Neither the district judge nor the judges of this court have the function of allowing or disallowing the appeal.[2]

It might be helpful for us to consider and decide whether the judgment sought to be reversed is presently appealable, but since we have no proper proceeding before us we forbear.

The petition is dismissed.

---

[2] The permitting of an appeal without payment of costs under 28 U.S.C.A. § 832 is not here involved.