### SEMEL et al. v. UNITED STATES.
No. 11806.

Circuit Court of Appeals, Fifth Circuit.
Nov. 6, 1946.

---

[2] The permitting of an appeal without payment of costs under 28 U.S.C.A. § 832 is not here involved.

232

Lawrence S. Camp, of Atlanta, Ga., and Joseph Lawrence, of Washington, D. C., for movants.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

After this court, on October 18, 1946, had handed down its opinion in Semel et al. v. United States, 5 Cir., 158 F.2d 229 movants, alleging that they had filed a timely notice of appeal, filed their motion for an order on the Clerk of the District Court requiring him to transmit the notice of appeal to this court, and for an order staying the trial in the District Court pending the determination of the appeal. A show cause order having been entered and hearing set for November 4, 1946, before the court at Fort Worth, Texas, the clerk having filed his answer to the rule to show cause, and movants having filed an additional motion for enlargement of the time for filing and docketing the record and for stay of the trial in the District Court, all the matters tendered by motion and answer were heard.

A consideration of the undisputed facts as disclosed in the record made on the motions leaves us in no doubt that the rule nisi should be discharged and that the motions should be denied. Rule 37(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, "Taking Appeal" provides: (1) "Notice of Appeal.

—An appeal permitted by law * * * is taken by filing with the Clerk of the District Court a notice of appeal in duplicate." (2) "Time for taking an appeal.—An appeal may be taken * * * within ten days after entry of the judgment." Rule 39 "Supervision of Appeal" (c) "Docketing of Appeal and Record on Appeal" provides that the record shall be filed within forty days from the date the notice of appeal is filed in the District Court, and that, for cause shown, the time for filing and docketing may be extended.

If respondent is right in his contention that the appeal was not taken because the rules were not compiled with, the clerk will not be ordered to send it up, and movants' time for taking appeal having long since run out, they may not now appeal.

If movants are right, that filing of their notice constituted the taking of the appeal, then the time has long since run for filing the record on appeal, and it would be requiring the doing of a vain thing to require the clerk to send up the notice, unless the failure to proceed with the appeal and file the record was due to good cause or "excusable neglect" and the time should be enlarged. It is quite clear that the failure to file the record was not excusable but was due entirely to the failure of counsel to follow the plain and simple rules 37 to 39, inclusive, for taking and prosecuting the appeal, and that no cause is shown for enlarging the time. A further and all sufficient reason for denying the motion is that, with certain exceptions not here pertinent, the jurisdiction given the circuit courts of appeals by Sec. 128[1] of the Judicial Code is to review final decisions. The appeal which movants are attempting to take is not from a final decision but from a preliminary or interlocutory order. It is, therefore, not "an appeal permitted by law",[2] and the notice movants gave was wholly ineffective. The rule will be discharged and the motions denied.

[1] 28 U.S.C.A. § 225.

[2] Cf. Murray v. United States, 2 Cir., 273 F. 522; Fries v. United States, 9 Cir., 284 F. 825; Sawyer v. United States, 5 Cir., 297 F. 222.