## MELTZER v. UNITED STATES.
### No. 12896.

United States Court of Appeals
Ninth Circuit.
April 13, 1951.

See also 9 Cir., 188 F.2d 913.

---

Morris Lavine, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U. S. Atty., Ray H. Kinnison and Robert Komins, Assts., all of Los Angeles, Cal., for appellee.

Before MATHEWS and POPE, Circuit Judges, and FEE, District Judge.

PER CURIAM.

The proceedings in this cause prior to those here involved are set out in a preceding opinion.

Meltzer was brought before Hon. Wm. Mathes sitting in the United States District Court for the Southern District of California, Central Division, upon a petition for an order of removal to the Southern District of New York on an indictment returned into that court. There was presented a certified copy of Final Commitment for that purpose issued by the United States Commissioner. Meltzer admitted his identity as the person described in the indictment. He also consented to the Court issuing and signing the warrant of removal. The Court fixed bail at $100,000. To this Meltzer objected. Subsequently he took an appeal from the portion of the order fixing bail alone.

An order fixing bail on removal is in the discretion of the trial court.[1] Such an order is interlocutory and is not appealable.[2] Besides, when Meltzer comes within the jurisdiction of the court where the indictment is pending the bail may be reviewed. But the appeal here must be in effect from the order of removal although only the portion fixing bail is specified as erroneous. This court is therefore required to dismiss the appeal of its own motion, for several reasons. First, the jurisdiction of the court of the subject matter is shown by the face of a valid indictment. Second, the defendant has admitted his identity and consented to removal. Finally, that there is no appeal from an order of removal was laid down by this Court in Fries v. United States, 9 Cir., 284 F. 825. This is a leading case.[3]

Since this is, therefore, not "an appeal permitted by law", it is dismissed.

The mandate will issue forthwith.

---

1. Rules of Criminal Procedure 40(b) (3) referring to Rule 46(1), 18 U.S.C.A. "Before Conviction. * * * may be admitted to bail by any court or judge authorized by law to do so in the exercise of discretion, giving due weight to the evidence and to the nature and circumstances of the offense."

2. 28 U.S.C.A. § 1291; Cf. Browder v. United States, 5 Cir., 168 F.2d 418.

3. Edelstein v. United States, 3 Cir., 97 F.2d 271, certiorari denied 305 U.S. 617, 59 S.Ct. 76, 83 L.Ed. 394; Bogle v. White, 5 Cir., 61 F.2d 930, certiorari denied 289 U.S. 737, 53 S.Ct. 656, 77 L.Ed. 1484; Evans v. United States, 5 Cir., 36 F.2d 315, 316; Wood v. Cooper, 8 Cir., 18 F. 2d 535, certiorari denied 274 U.S. 750, 47 S.Ct. 764, 71 L.Ed. 1331; Wood v. United States, 274 U.S. 761, 47 S.Ct. 770, 71 L.Ed. 1339; Sawyer v. United States, 5 Cir., 297 F. 222; Murray v. United States, 2 Cir., 273 F. 522.