**William Charles GALLOWAY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6964.**

United States Court of Appeals
Tenth Circuit.

March 27, 1962.

**458**

Dwight D. Murphey, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, Galloway, was arrested in Colorado on a warrant issued on a criminal indictment in the District of Columbia. Pursuant to Rule 40(b) (3), Fed.R.Crim.P., 18 U.S.C.A., the United States District Court for the District of Colorado executed a warrant of removal. Galloway appealed and petitioned this court to be allowed to proceed in forma pauperis. The United States moved to dismiss the appeal on the ground that the warrant of removal is not appealable.

■ Without exception the adjudicated cases have held that a removal order is not appealable. Binion v. United States, 9 Cir., 201 F.2d 498, cert. denied 345 U.S. 935, 73 S.Ct. 796, 97 L.Ed. 1363; Meltzer v. United States, 9 Cir., 188 F.2d 916; Edelstein v. United States, 3 Cir., 97 F.2d 271, cert. denied 305 U.S. 617, 59 S.Ct. 76, 83 L.Ed. 394; Bogle v. White, 5 Cir., 61 F.2d 930, cert. denied 289 U.S. 737, 53 S.Ct. 656, 77 L.Ed. 1484; Evans v. United States, 5 Cir., 36 F.2d 315; Wood v. Cooper, 8 Cir., 18 F.2d 535, cert. denied 274 U.S. 750 and 761, 770, 47 S.Ct. 764, 71 L.Ed. 1331; Sawyer v. United States, 5 Cir., 297 F. 222; Fries v. United States, 9 Cir., 284 F. 825; Murray v. United States, 2 Cir., 273 F. 522.

Galloway urges, however, that the standards of finality for an order from which an appeal may be taken as established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, are present here. The Cohen case is one of a number of cases in which the Supreme Court has grappled with the problems of reviewability of rulings and orders under 28 U.S.C. §§ 1291 and 1292. In Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, in holding that an order denying reduction of excessive bail in a criminal case was appealable, the court said that a "motion to reduce bail did not merely invoke the discretion of the District Court setting bail within a zone of reasonableness, but challenged the bail as violating statutory and constitutional standards." In a subsequent case, however, the Supreme Court recognized the rule, as announced in Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204, that "Final judgment in a criminal case means sentence. The sentence is the judgment." Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377. See Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. Cf. DiBella v. United States, 82 S.Ct. 654 (Decided March 19, 1962). Furthermore, certiorari was denied in Binion v. United States, supra, after the Cohen decision.

■ The purpose of a removal proceeding as provided for in Rule 40(b) (3) is not only to safeguard defendants against improvident removals, but also to prevent the frustration of prosecution by delay in effecting a removal. United States v. Parker, D.D.C., 14 F.R.D. 146; Advisory Committee on Criminal Rules, Notes on Rule 40, 18 U.S.C.A. For this same purpose Congress, by statute, has denied the right of appeal in a habeas corpus case brought to test the validity of a warrant to remove a defendant in a criminal case, or to test the validity of his detention pending removal proceedings. 28 U.S.C.A. § 2253.

Appeal dismissed and stay order dissolved.