NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 15-50051 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 3:15-mj-00185-JMA-AJB-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| HUGO NESTOR CASTELLON, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Jan M. Adler, Magistrate Judge, Presiding

Submitted July 6, 2015**
Pasadena, California

Before: FERNANDEZ and CLIFTON, Circuit Judges, and MUELLER,*** District
Judge.

Hugo Nestor Castellon appeals the district court's dismissal of his appeal

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

***The Honorable Kimberly J. Mueller, District Judge for the U.S. District
Court for the Eastern District of California, sitting by designation.

from the magistrate judge's decision to order his removal to the Western District of Texas for proceedings before the United States District Court for the Western District of Texas. We dismiss the appeal for lack of jurisdiction. See 28 U.S.C. § 1291; Fed. R. Crim. P. 32.1(a)(5)(B).

Castellon was sentenced to prison and to a period of supervised release by the United States District Court for the Western District of Texas. After he commenced serving his supervised release term, the probation officer determined that Castellon had violated a number of his conditions of supervised release, including the requirement that he report to the probation officer. Following the approved procedures in the Fifth Circuit, which does not require a sworn statement,[1] the probation officer sought an arrest warrant, and one was issued. Castellon was eventually arrested in California, and based upon that warrant the magistrate judge ordered his removal to the Western District of Texas. See Fed. R. Crim. P. 32.1(a)(5)(B). Castellon ultimately filed this appeal.

However, the magistrate judge's removal order was not properly appealed to us because it was not a final decision. See 28 U.S.C. § 1291; Fed. R. Crim. P.

---

[1]See United States v. Garcia-Avalino, 444 F.3d 444, 447 (5th Cir. 2006). Incidentally, had the probation officer sought a supervised release violation warrant in the Ninth Circuit, a sworn statement would have been required. See United States v. Vargas-Amaya, 389 F.3d 901, 907 (9th Cir. 2004).

32.1(a)(5)(B)[2]; <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 275–76, 108 S. Ct. 1133, 1136–37, 99 L. Ed. 2d 296 (1988); <u>United States v. McCray</u>, 458 F.2d 389, 389 (9th Cir. 1972) (per curiam); <u>Binion v. United States</u>, 201 F.2d 498, 499 (9th Cir. 1953) (per curiam); <u>Meltzer v. United States</u>, 188 F.2d 916, 917 (9th Cir. 1951) (per curiam); <u>Fries v. United States</u>, 284 F. 825, 826–27 (9th Cir. 1922); <u>cf.</u> 28 U.S.C. § 2253(b).  Therefore, we lack jurisdiction.[3] Castellon can raise his objections to the warrant in the court where the violation proceedings are pending.  <u>See</u> <u>Meltzer</u>, 188 F.2d at 917.

DISMISSED.

---

[2]The older cases cite various predecessor provisions.  <u>See</u> Fed. R. Crim. P. 40(b) (2015), including Advisory Committee Notes to 1979, 1989, and 2002 Amendments; Fed. R. Crim. P. 40(b) (1952).

[3]We also note that Castellon has in fact been removed to the Western District of Texas.

3